Jackson, Circuit Judge.
Under admiralty proceedings in the United States district court at Detroit the steam tug Balize was sold to satisfy certain maritime liens. After paying off and discharging these liens, there remains in the registry of the court surplus proceeds arising from said sale to the amount of thirteen or fourteen hundred dollars, and the question now presented for decision relates to the proper disposition to *415 be made of this surplus, which is claimed by the Detroit Tug & Transit Company, as the owner of the Balize before its sale, and by several of said company’s creditors, who have filed petitions praying that the fund may be paid over to-them, rather than to the former owner of the tug. The petitioning creditors consist of two classes, viz.: First, those having claims against the Detroit Tug & Transit Company for supplies of coal, etc., furnished boats of said company other than the Balize, and for which suits in personam are now pending; and, secondly, those having claims for services rendered as master of the Balize and of other boats of said Detroit Tug & Transit Company. This latter class of petitioners have severally obtained judgments in personam against the Detroit Tug & Transit Company, on which executions have been issued to the marshal, and by him returned nulla bona. The district court ordered and decreed that Hiram Ames, master of the tug Balize, should be paid in full out of said surplus, and that the remainder of said fund should be turned over to the Detroit Tug & Transit Company as the owner thereof. The other petitioning creditors were held not to be entitled to payment out of said surplus, and their petitions were dismissed. From this decree all the claimants of said surplus have appealed to this court.
After a careful examination of the questions presented by the appeal, I am satisfied, contrary to my first impressions, that the action of the district court in allowing and directing the debt of Ames, the master of the Balize, to be paid out of this surplus, is erroneous. This allowance was no doubt made upon the authority of The Santa Anna, Blatchf. & H. 80, 81, where it was held that the master, as against the owner, was entitled to payment out of a surplus remaining in court. But that case has been practically overruled by the supreme court of the United States in the case of The Lottawanna, 20 Wall. 221, 21 Wall. 559, which held that surplus proceeds, in such cases as the present, must be paid over to the owner, unless claimed by a creditor having a specific lien thereon either by contract or statute. “The proceeds arising from such a sale, [by order of the admiralty court,] if the title of the owner is unincumbered, and not subject to any maritime lien of any kind, belong to the owner, as admiralty courts are not courts of bankruptcy or insolvency. Nor are they invested with any jurisdiction to distribute such property of the owner, any more than any other property belonging to him, among his creditors.” 20 Wall. 221. The cases relied on by the petitioning creditors, viz., The Guiding Star, 18 Fed. Rep. 263, and The E. V. Mundy, 22 Fed. Rep. 173, decided by Mr. Justice Matthews, do not conflict with the principle announced in The Lottawanna Case. In both these cases the learned judge awarded the surplus fund to lien creditors,— creditors who held prior liens on the property or its proceeds, either by contract or by statute. Neither the master of the Balize nor any of the other petitioning creditors had any specific lien upon the Balize or its proceeds, either by statute or by contract. The district court, as an admiralty court, has no jurisdiction' to create liens on this surplus as against the owner. It can only assert and enforce against the owner *416 prior specific liens which the owner or the law have previously created or established. The judgments which the several masters have obtained against the Detroit Tug & Transit Company in personam, the issuance of executions, and returns of nulla bona thereon, created no lien on said surplus. The suits and judgments in personam conferred no vested right to a specific interest in said surplus, such as the forty-third admiralty rule contemplates. The creditor who claims satisfaction out of surplus proceeds in such cases must come into court with an existing specific lien. He cannot invoke the aid of a court of admiralty to create such lien by attaching or impounding the fund. The admiralty court can only enforce or give effect to subsisting liens created by statute or contract as against the owner of surplus proceeds. It may be, and doubtless is, inequitable for the owner to assert its right to this surplus, and leave bona fide debts unpaid, but a court of admiralty has no such equitable jurisdiction as will enable it to correct such a wrong. The claim of the master of the Balize cannot be distinguished from that of the other creditors, and the decree of the district court allowing and directing its payment is reversed. In all other respects the decree of the district court is affirmed. The entire surplus will be paid over to the owner, the Detroit Tug & Transit Company, and the creditor petitions will be dismissed, with costs. The costs incident to the petition of the Detroit Tug & Transit Company will be retained out of the fund in the registry of the »ourt, and the balance of said fund will then be paid over to said Detroit Tug & Transit Company or to its proctor of record.