ROSTRON *et al. v.* THE WATER WITCH.

(*Circuit Court, S. D. New York.* November 15, 1890.)

1. ADMIRALTY—MONITION—DEFAULT.
    Where a libel has been filed against a vessel, and on the return-day of the monition the owner of the vessel did not appear, and his default was duly entered in the cause, such default amounts to a formal admission by him of the truth of the allegations of the libel, and a lien in favor of the libelants attaches to the proceeds of the vessel, which has been sold in the mean time under a decree in a prior suit for seamen's wages.

2. SHIPPING—BOTTOMRY BONDS—AUTHORITY OF MASTER.
    In a contest between the administrator of the owner and libelants, in a suit to recover the amount of a bottomry bond, who, by the owner's default, have acquired a lien on the proceeds of the vessel sold in another suit, a letter of the owner, denying the right of the master to execute a bond "for so large an amount," is an admission that the master was justified in executing a bottomry bond, and the burden is on the administrator to show that it was for a larger sum than was required by the necessities of the vessel.

3. ADMIRALTY—SALE OF VESSEL—PAYMENT OF PROCEEDS TO PROCTORS.
    Where proctors, who filed a libel 30 years before, apply for the proceeds of the vessel deposited in the registry of the district court, assuming to act under their original authority, and it is shown that the sole survivor of the libelants, when last heard from, several years before, was an old man, and "very much of a floater," somewhere in Brazil, the proceeds will not be paid over without a further application, by which it may be shown that there is some person in existence who is legally entitled to receive them.

In Admiralty.
*Hyland & Zabriskie*, for appellants.
*S. Hanford*, for appellee.

WALLACE, J. The question in this case is whether the libelants or Prince, who is administrator of the estate of the former owner of the vessel, is entitled to the sum of $888.20, deposited in the registry of the district court, arising from a condemnation and sale of the vessel, under a decree *in rem* at the suit of one Taggert for seamen's wages. In 1859, the libelants filed a libel against the vessel to recover the amount of a bottomry bond, which set forth the bond, and that it was duly executed by the master of the brig at Pernambuco. A monition was duly issued and published, and the vessel was attached; and, upon the return-day of the process, the owner of the vessel did not appear, and his default was duly entered in the minute-book by the clerk of the district court. Within a few days subsequently, the vessel was sold under the decree in the suit by Taggert, and December 31, 1859, the proceeds of the sale were deposited in the registry. The balance, after payment of Taggert's claim, remained in the registry, and is the money now in controversy. The owner of the vessel died 13 years ago, and in January, 1889, Prince,

who had been appointed administrator of his estate, filed a petition in the district court for an order that the proceeds be paid to him. Whether the proceeds belonged to the libelants or not, it is very clear that Prince is not entitled to them. The default of the owner of the vessel to appear at the return-day of the monition was equivalent to a formal admission on his part of the truth of the matters alleged in the libel, and consequently of a lien by the libelants at that time upon the vessel, which lien of course attached to the proceeds of her sale. See *Miller* v. *U. S.*, 11 Wall. 268, 301. That default has never been vacated, and the amount of the lien of the libelants, which is the amount of the bottomry bond, is far in excess of the proceeds in dispute.

After the administrator petitioned that these proceeds be paid over to him, the proctors for the libelants applied for a decree condemning them. This was, in effect, an application by them to have the proceeds paid over to them. The court made an order allowing the administrator to contest the libelants' rights to the proceeds. For the libelants the execution of the bottomry bond by the master of the ship at Pernambuco, in the presence of the United States consul, and at the same time an assignment of the bond to Pickeragill & Co., of New York, for collection, were proved, and also that within about a month thereafter the owner of the vessel wrote to Pickeragill & Co. denying that the master had any authority to execute a bottomry bond "for so large an amount." This letter is an admission that the master was justified in executing a bottomry bond. When the execution of the bottomry bond was proved, the *onus* was cast upon the administrator to show that it was for a larger sum than was required by the necessities of the vessel. No evidence was offered by the administrator for this purpose. As between the two rival claimants for the proceeds it is entirely plain that the title to them is in the libelants.

The evidence taken upon the hearing shows that all but one of the libelants are dead, and the only survivor is one Patchett; and that he has not been heard of in two or three years, and when last heard from was a very old man, and "a floater, very much of a floater," somewhere in Brazil. The proctors who filed the libel are assuming to act upon their original authority, conferred 30 years ago, in applying for the proceeds. Under these circumstances, the proceeds should not be paid over without a further application, by which it may be made to appear that there is some person in existence who is legally entitled to them. A decree will be entered dismissing the petition of the administrator, and refusing the application of the libelants for a final decree, with leave to renew it upon further proof.