## THE OREGON.

(Circuit Court of Appeals, Second Circuit. April 6, 1925.)

No. 271.

1. **Maritime liens** ⟐⟐64—**Liens conclusively established on admission of truth of libel.**

Where two ship repairers filed libels, asserting liens under Merchant Marine Act 1920 (Comp. St. Ann. Supp. 1923, §§ 8146¼–8146¼t), and owner of ship affirmatively declared truth of libels, both liens *held* conclusively established.

2. **Maritime liens** ⟐⟐61—**Laches may not be set up by one lien claimant to determine priority over another, where both liens conclusively established.**

Where lien claims of ship repairers had both been conclusively established, laches of one could not be shown by the other to establish priority; laches being a defense which, if successful, defeats the lien claim, but which has nothing to operate on after decree establishing the lien.

**3. Maritime liens ⊙═62—One lien claimant, to advance defense of laches against another, should intervene and answer.**

A ship repairer, claiming a lien against a ship, in order to advance defense of laches against another lien claimant, must intervene and answer, in libel commenced by latter.

**4. Maritime liens ⊙═37—Ship repairers, whose liens accrued more than 40 days prior to libel, must share pro rata.**

Claimants of liens against harbor vessel, not accruing within 40 days of libel, must share pro rata in proceeds of sale of vessel.

Appeal from the District Court of the United States for the Southern District of New York.

Libels by the Jarvis Shipping Corporation and by the Jersey City Dry Docks Company, Inc., against the lighter Oregon, her tackle, etc. Decree in each case, and sale ordered under the Jarvis Shipping Corporation's libel. From an order distributing the fund realized from the sale, the Jersey City Dry Docks Company, Inc., appeals. Order modified.

The order appealed from is one distributing a fund realized from the sale of the Oregon. The sale took place under process issuing in accordance with the final decree in the suit of the Jarvis Corporation. That corporation is a ship repairer doing business in the state of New York. In June–July, 1923, it executed repairs upon the lighter Oregon. The Jersey City Company is also a ship repairer, but transacting business in the state of New Jersey. In August–September, 1921, it did certain repairs to the lighter Oregon. In May, 1924, each corporation filed a libel in rem against the Oregon to recover its repair bill.

The owner of the Oregon appeared in each suit, and in each formally admitted (in substance) the truth of the matters and things alleged in the libel; whereupon a final decree in usual form was entered in each case, and sale held under Jarvis Corporation's libel, probably because it was senior in filing by a few days. The proceeds of the Oregon were not sufficient to satisfy both libels, whereupon the libelants stipulated (under the captions of both cases) that the Oregon's home port was New York; that she was the usual harbor lighter, that the repairs executed by Jersey City Company had been made in New Jersey, and that the repairs by the Jarvis Corporation had been made in New York.

On this stipulation the court below was requested to decide priority of lien as between the libelants. It thus appeared that Jarvis Corporation had issued process a little less than a year after its repairs had been executed; while Jersey City Company had delayed upwards of two years before doing the same thing. The order appealed from gave priority to Jarvis Corporation, on the ground that The Fort Orange (C. C. A.) 297 F. 758, 1924 A. M. C. 276, required that result. Jersey City Company appealed.

Macklin, Brown & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for appellant.

Frederick W. Park, of New York City, for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The fundamental truth in this case is that both parties have, and had when they submitted their differences to the court below, unassailably established maritime liens. Each of them filed the usual libel, asserting lien under the Merchant Marine Act 1920 (Comp. St. Ann. Supp. 1923, §§ 8146¼–8146¼t). In each case the owner of the Oregon, not only made no defense, but affirmatively declared the truth of the libel. Such proceedings conclusively established both liens. The Ruth E. Merrill (C. C. A.) 286 F. 355, citing and approving The Water Witch (C. C.) 44 F. 95; The Hattie Thomas (C. C. A.) 262 F. 943.

[2] There is also an underlying mistake in this case, in that both parties thought that laches was something that could be used to the detriment of other lienors in a distribution proceeding between lienors, whose rights rested on final decrees. Laches is a defense, and, if successful, it defeats the claim advanced by plaintiff or libelant. Delaying suit for more than the period of limitation has long been treated as furnishing (in most instances) sufficient evidence of laches. Bailey v. Sundberg, 49 F. 583, 1 C. C. A. 387.

Our recent decision in The Fort Orange, supra, was no more than an application of this doctrine. But neither that decision nor many others like it, affects this proceeding. Under The Fort Orange and similar decisions, the claimant of the Oregon could not have successfully defended against the Jarvis Corporation's libel, because what was in the Fort Orange considered sufficient evidence of laches could not have been shown. But equally it is true that the Oregon's claimant could not have prevailed against the Jersey City Company on the ground of laches, be-

cause the New Jersey statute corresponding to the New York one prescribed no period of limitation.

But in fact the owner of the Oregon did none of these things, and each of these libelants had and has a final decree, which is conclusive evidence of maritime lien in and upon the lighter, and all that was left for the several decree holders was to establish priorities among themselves, on the assumption that each had a perfect lien. With liens judicially established, there was and is nothing for the doctrine of laches to operate upon. It was too late, after decrees.

[3] If the New York corporation had desired to advance the defense of laches against the New Jersey company, it should have intervened and answered, as has been pointed out very lately in The Cartona (C. C. A.) 297 F. 827. Whether such an intervener could have successfully pleaded laches is a question not now before us.

[4] Since, therefore, each of these libelants had perfectly good liens, they were obliged to take priorities in accordance with the rule of The Gratitude (D. C.) 42 F. 299, recently and vigorously applied in this court in The Interstate No. 1, 290 F. 926; i. e., those liens accruing within 40 days of libel filed take priority by analogy to the theory of voyages; and all claims of the same class (as these are) beyond the 40-day period must share pro rata.

The order appealed from is modified, to conform with this opinion; i. e., these claims must share alike. There will be no costs in this court.