GARDNER v. PANAMA R. CO.
No. 13259.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1950.

Woodrow De Castro, Ancon, Canal Zone, for appellant.

Paul A. Bentz, Paul M. Runnestrand, and David J. Markun, all of Balboa Heights, Canal Zone, for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Brought in admiralty[1] by a libel *in personam* filed October 19, 1949, the suit was for damages for injuries sustained by appellant (libellant below) on Dec. 3, 1947, while a passenger on board the steamship "Panama", a vessel owned, maintained, and operated by appellee (respondent below).

Respondent, alleging that no cause of action in admiralty arose because at the time of the occurrence complained of, the Federal Torts Claims Act provided the exclusive judicial remedy, moved to dismiss the cause.

The court, on full consideration, overruled this motion, and the respondent answered, pleading, among other defenses,

laches, in that the applicable statute of limitations in tort actions in Panama is one year, that it appears on the face of the libel that the suit was commenced more than one year after the date of the alleged injuries, and that, therefore, "it would be inconsistent to permit her to sue in admiralty with the same effect as a common law after her right to sue at common law had been barred".

This defense was by agreement separately heard and submitted.

The district judge, on the authority of McGrath v. Panama Railroad Co., 5 Cir., 298 F. 303, sustained the defense and dismissed the libel, and libellant is here claiming that it was error to do so.

Respondent, insisting that it was not, insists also that its motion to dismiss on the ground that the Federal Tort Claims Act provided the exclusive judicial remedy was well taken and the suit should have been dismissed on that ground.

In agreement as we are with the opinion of the district judge that laches has barred the action, we find it unnecessary to determine whether the suit should have been dismissed on the first ground urged by respondent that libellant had no cause of action in admiralty because the Tort Claims Act furnished the exclusive remedy.

We find no error in the judgment of dismissal. It is

Affirmed.

[1] Two prior suits had been brought at law by libellant based on the same injuries. One of these, filed April, 1948, against the respondent, was dismissed on Oct. 7, 1948, for want of jurisdiction of the subject matter of the suit because the Federal Tort Claims Act furnished an exclusive remedy against the United States. The second was filed Nov. 29, 1948, against the United States under the Tort Claims Act. Before that action proceeded to trial on the merits, Congress by specific amendment to Sec. 2680, Title 28 U.S.C.A., amended the Tort Claims Act by adding to the exclusions "(m) any claim arising from the activities of the Panama Railroad Company", and on motion the court dismissed the action for want of jurisdiction.