**MORALES et al.**

**v.**

**MOORE–McCORMACK LINES, Inc.**

**No. 14474.**

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1953.

---

Milton Schwartz, Houston, Tex., for appellants.

M. L. Cook, Royston & Rayzor, Houston, Tex., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Appellants on October 31, 1952, approximately two years and six months after their claimed cause of action arose, filed this libel for injuries resulting to them from the alleged negligence of the respondent in permitting poisonous fumigans in excessive quantities to exist in a cargo of grain which libellants, as longshoremen, had been employed to trim.

The respondent, excepting to the libel on the ground that it showed on its face that the Texas Statute of Limitations applicable to their cause of action had barred their suit at law and that no exceptional circumstances to prevent the application of the doctrine of laches were alleged in the libel or are existing in the case moved to dismiss it for laches.

The district judge invited briefs, and full briefs were filed, libellants in their brief carefully setting out the facts upon which, though not alleged by them, they relied to rebut the showing of laches made by the libel.

Thereafter, the district judge, one of the ablest and most experienced of admiralty judges, in the exercise of a wise and informed discretion, matured over the nearly quarter of a century in which he has presided as judge, in a carefully considered and well supported opinion.[1] determined that the exception was well taken and that the action should be dismissed. In the course of it he considered as though they had been alleged in the libel the facts set out in libellants' brief and, assessing them, found them wanting.

1. Morales v. Moore McCormack, 109 F.Supp. 585.

Agreeing as we do both with the result and with the supporting reasons given for it in the opinion, we will content ourselves with stating our approval of the views therein expressed and with adding briefly to them by referring to authorities not cited in the opinion, and quoting from some of them.

■■ The rule correctly applied in this case received its first clear cut announcement in this circuit in McGrath v. Panama Ry. Co., 5 Cir., 298 F. 303, 304. Since the facts here are closely analogous to those in that case, we quote from it:

"* * * Courts of admiralty are not, however, bound by common-law limitations, but adopt them by analogy, unless equitable reasons exist for not doing so. In the case of a libel in personam for the recovery of damages for personal injuries, the reason for following the limitations of the common law in courts of admiralty is emphasized by reason of there being preserved to the libelant in such a case the right to sue at common law, as well as in admiralty. In the event the libelant sued at common law, the statute of limitations would bar a recovery. It would be inconsistent to permit him to sue in admiralty, with the same effect as at common law (as is true in the case of a libel in personam), after his right to sue at common law had become barred.

"The appellant suggests that no injury is shown to have been done to the appellee by the delay in filing the libel. Injury is presumed from the statutory period of limitation in common-law actions, and, when equity adopts the statutory period, it adopts along with it the presumption of injury, until the contrary is shown. The appellant relies also upon erroneous advice given her by her counsel in Panama as to the applicable statute of limitations, namely the statute of three years under the Code of Colombia, as being a circumstance that would make it in-inequitable for a court of inquiry to follow the common-law limitation. In view of the fact that the limitation of one year was prescribed by the Canal Zone Code of Civil Procedure, we do not think that the mistake of counsel was sufficient to justify a court of admiralty in departing from the analogy of the statutory limitation."

■ In Gardner v. Panama Railroad Co., the district judge, on the authority of the McGrath case, sustained the defense of laches and dismissed the libel, and we affirmed in 185 F.2d 730, 731. The Supreme Court,[2] reversed and sent the cause back for trial, and, in a per curiam opinion, after stating the correct rule:

"*Though the existence of laches is a question primarily addressed to the discretion of the trial court, the matter should not be determined merely by a reference to and a mechanical application of the statute of limitations.* The equities of the parties must be considered as well. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief. The Key City, 1872, 14 Wall. 653, 20 L.Ed. 896; Southern Pacific Co. v. v. Bogert, 1919, 250 U.S. 483, 39 S. Ct. 533, 63 L.Ed. 1099; Holmberg v. Armbrecht, 1946, 327 U.S. 392, 66 S. Ct. 582, 90 L.Ed. 743; see McGrath v. Panama R. Co., 5 Cir., 1924, 298 F. 303, 304." (Emphasis supplied.) thus applied it to the undisputed facts:

"Petitioner has diligently sought redress in this case. Twice within the year following her injuries she brought suit. The second action abated through an Act of Congress and not through any fault of her own. There is no showing that respondent's position has suffered

2. Gardner v. Panama R. R. Co., 342 U.S. 29, 72 S.Ct. 12, 13, 96 L.Ed. 31.

from the fact that the claim has not yet proceeded to trial on its merits."

In this case, though the district judge did not cite or quote from the opinion in the Gardner case, he faithfully conformed to and carried out the ruling there laid down in spirit as well as in letter. Giving full consideration, as though they had been pleaded by them, to appellants' statement in their brief of the facts upon which they relied to excuse the failure to bring the action, the district judge correctly concluded that these facts did not excuse the delay.

 Here the appellants in direct contradiction of the rule invoked by them in their trial brief, that persons claiming excuse for delay must show that they exercised the diligence required of reasonably prudent persons, Aetna Cas. Co. v. Rhine, 5 Cir., 152 F.2d 368, Pacific Employers Ins. Co. v. Oberlechner, 5 Cir., 161 F.2d 180, claim special consideration on the ground that being ignorant and unlettered persons, a different standard should apply in their case. Their only excuse for delay in filing suit is that they did not appreciate the lingering effects of their illness and that they did not appreciate their legal right to bring a third party action for negligence.

While, when they took their first harm, they may not have known fully the effect it would have upon them, they did know that they had been injured, they did receive compensation for their injuries, and later they knew that the effects were recurring.

Under circumstances of this kind, they were required to proceed with the diligence of an ordinarily prudent person, and the district judge correctly concluded that they had failed to do so.

 As to their claim of ignorance of their legal right to sue a third party, the steamship lines which had contracted with their employer, we know of no principle which enables persons to plead, not excusable ignorance of facts, but of the law which accorded them the right to sue.

This claim is particularly specious here in view of the fact that a suit having wide publicity had been brought against the City of Galveston by many longshoremen claiming injuries from poisonous fumigants while loading other ships, and included in the claimants in that suit were three of the libellants in this one.

In addition to these considerations is the fact, which the judge found, that they were informed by their counsel of their right to sue, some months before they brought the action, and they still delayed.

It will not do, as appellants seem to insist they may, to claim that under this showing of negligent delay, the burden of showing prejudice in fact was upon the respondent. It is settled law: that in situations of this kind, where the libel shows on its face that it is barred by laches, prejudice to the respondent is presumed until the contrary is made to appear; that it is incumbent on the libellant to show facts excusing the delay; and that the libellant has the burden of rebutting the presumption[3] of prejudice.

Of appellant's claim that, though no leave was asked to amend the libel, this court, if it affirms the judgment, should order that the affirmance be without prejudice to filing an amended libel within a time to be fixed by the district judge, we find it sufficient to point to the fact that the district judge did not dismiss the libel on the exception alone without affording appellants an opportunity to state the reasons excusing their delay. On the contrary, he accepted for the purpose of his judgment the facts stated by libellants in their brief and there could be no point in permitting libellants to amend in order to allege in their libel the very same matters which the district judge, in the exercise of his informed discretion, has correctly held were not grounds for excuse.

We add only this further, upon the matter of prejudice, that in a suit of

**3.** Redman v. United States, 2 Cir., 176 F.2d 713; Kane v. Union of Soviet So- cialist Republics, D.C., 89 F.Supp. 435; The Sydfold, 2 Cir., 86 F.2d 611.

this kind, brought upon allegations of the existence, on a certain day and date more than two and a half years before, of dangerous fumigants in the hold of a vessel, it would be much more difficult for the respondent to prepare its defense with effectiveness than would have been the case if the claim had been timely made and suit timely brought, or, even if suit had not been timely brought, a claim had been timely made and pressed.

We find no abuse of discretion on the part of the district judge in dismissing the libel. On the contrary, we find that in dismissing it, the district judge exercised a wise and informed discretion.

The order dismissing the libel is, therefore, affirmed.