INTERCONTINENTAL TRANSPORTA-
TION CO., Inc. and Maritime Over-
seas Corporation, Libellants,

v.

The TUG SWITCHER NO. 2, Her Engines, Tackle, Apparel, etc., and Gantt Towing Company, Her Owner, Respondents.

A.D.No. 63–H–72.

United States District Court
S. D. Texas,
Houston Division.

Sept. 17, 1963.

Royston, Rayzor & Cook, Houston, Tex., Chas. D. Kennedy, Houston, Tex., for libellants.

Bryan & Patton, E. H. Patton, Jr., Houston, Tex., for respondents.

INGRAHAM, District Judge.

Intercontinental Transportation Co., Inc. and Maritime Overseas Corporation filed this libel to recover for injuries allegedly sustained by the SS Rebecca when it collided with the Tug Switcher No. 2. Libellants are, respectively, the owner and operator at the time of the collision of the SS Rebecca. The accident is alleged to have been due to the fault and

negligence of the Tug Switcher No. 2 and those in charge of her. The two aforementioned vessels collided on the morning of June 14, 1960, in the Houston Ship Channel. This libel was filed on June 12, 1963, just short of three years after the accident in question. Respondents filed peremptory exceptions to the libel on the grounds that the libel showed on its face that it was barred by laches, and asked that the suit be dismissed.

■■ The doctrine of "laches" is the principle that equity will not aid a plaintiff whose unexcused delay, if the suit were allowed, would be prejudicial to the defendant. Russell v. Todd, 309 U.S. 280, 287, 60 S.Ct. 527, 84 L.Ed. 754 (1940). In applying the doctrine, the courts of admiralty customarily follow the analogy of the state statute of limitations. This question is primarily within the discretion of the trial court, and the Supreme Court has admonished that there should not be a mechanical application of the limitation periods. The equities of the parties should be considered as well. Gardner v. Panama R. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

■ In the instant case, the parties assume that the analogous statute of limitations in Texas is two years, and this court shall proceed on that premise. The Fifth Circuit, almost 35 years ago, held that laches is properly presented only by answer and not by exception. United States v. Alex Dussel Iron Works, Inc., 31 F.2d 535 (5th Cir., 1929). The court went on to say 31 F.2d at page 536, "This is certainly true, unless the libel on its face shows laches as a matter of law." Just what was meant by this latter dictum is not precisely clear.[1] However, at a minimum the court must have had in mind the language of the Supreme Court in Hays v. Port of Seattle, 251 U.S. 233, 40 S.Ct. 125, 64 L.Ed. 243 (1920), when it was said:

"[L]aches is a defense that need not be set up by plea or answer.

* * * It is for the complainant *in his bill* to excuse the delay in seeking equitable relief, where there has been such; and if it be not excused his laches may be taken advantage of either upon demurrer or upon final hearing." 251 U.S. p. 239, 40 S.Ct. p. 127, 64 L.Ed. 243 (emphasis added).

From the face of the libel in the instant case it is evident that libellants' claim for injuries allegedly sustained on June 14, 1960, as a result of respondents' negligence would be barred under the two year Texas statute, the present suit not having been commenced until June 12, 1963. This, if it were all that appeared in the libel, would warrant dismissal. However, the next question is whether the facts pleaded and stipulated provide a sufficient indication that on the trial the libellants may possibly be able to prove the absence of laches. The following allegations are made in the libel in an attempt to negative laches:

"Libellants would show that this suit is timely filed and/or that no prejudice has resulted to Respondents by Libellants' failure to file such a suit at an earlier date. Respondents were immediately put on notice by Libellants that Libellants would hold the Tug SWITCHER NO. 2 liable for damages sustained by the REBECCA as a result of said collision. A damage survey was promptly held to determine the extent of damages to the SS REBECCA. Respondents were advised of such survey, invited to attend the survey, and were, in fact, represented at such survey. Legal counsel was immediately obtained by Respondents to protect their interests. Investigation of the facts of the collision was conducted by such counsel and settlement negotiations entered into between Libellants and Respondents. Respondent is a local

---

[1]. Compare, Morales v. Moore-McCormack Lines, Inc., 208 F.2d 218 (5th Cir., 1953), with McDaniel v. Gulf & South American Steamship Co., 228 F.2d 189 (5th Cir., 1955). Also see Gilmore & Black, Admiralty 632 (1957).

company with records and witnesses available in this District."

In ascertaining the sufficiency of these allegations it must be remembered that injury is presumed from the statutory period of limitation in common law actions, and when equity adopts the statutory period, it also adopts the presumption of injury until the contrary is shown. Morales v. Moore-McCormack Lines, Inc., 208 F.2d 218 (5th Cir., 1953); McGrath v. Panama R. Co., 298 F. 303 (5th Cir., 1924); Kane v. U. S. S. R., 189 F.2d 303 (3rd Cir., 1951), cert. den. 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676 (1952).

It is urged by the respondents that two things must be shown by libellants in order to avoid laches—first, that the delay was excusable and, second, that there was no resulting prejudice. As to the first factor, the libel simply asserts that the suit is timely filed. The only other allegation relevant at this point is that settlement negotiations were entered into. Delay occasioned by attempts to settle or compromise disputes has been looked on as a sufficient excuse. See Virginia Shipbuilding Corp. v. United States Shipping Board Emergency Fleet Corp., 11 F.2d 156 (E.D.Va., 1925). It is not clear from the pleadings, however, that this is a sufficient ground to excuse the delay in the instant case. The court, therefore, will proceed on the assumption that the delay was inexcusable.

This brings us squarely to respondents' contention that unless the libel avers facts sufficient to overcome *both* the presumption of prejudice *and* the presumption of inexcusable delay, the defense of laches prevails and the peremptory exceptions must be sustained. Libellants contend, on the other hand, that the exceptions will not lie unless respondents have been prejudiced by the delay. Libellants urge that the facts stipulated by the parties and stated in the libel are sufficient to overcome the presumption of prejudice to the respondents.

There apparently has not been a case in which this question was directly presented and ruled upon in the Fifth Circuit. However, there have been indications in the language of opinions showing that this Circuit was following the view taken by libellants here. Thus it has been pointed out that " '[l]aches is much more than time. It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have kept, but that delay has subjected him to a disadvantage in asserting or establishing his claimed right or defense.' " [2] And in McDaniel v. Gulf & South American Steamship Co., 228 F.2d 189 at page 192 (5th Cir., 1955), it was said: "An inexcusable delay *causing prejudice to the other party* must be found to exist in order to establish laches as a valid defense." (emphasis added)

■ There have been two cases in which this question was explicitly faced, and in both of these cases the courts took the same position that libellants are taking in the instant litigation. In Smigiel v. Compagnie De Transports Oceaniques, 185 F.Supp. 328 at page 330 (E.D.Pa.1960), the court said, "We cannot believe that admiralty law today would direct us to punish the libellant for his inexcusable delay in bringing suit by dismissing the libel when that delay was shown to have occasioned *no* prejudice to the respondent." And in a case very similar to the one at bar, Cities Service Oil Co. v. Puerto Rico Lighterage Co., 305 F.2d 170 (1st Cir., 1962), the court held that even though the delay was inexcusable, the inference of consequent prejudice to the respondent was overcome by undisputed evidence, and therefore the libel was not subject to laches. This court feels that this is the most equitable approach to the question of laches. If it can be shown that respondents have suffered no prejudice due to the

---

2. Crabtree v. The S.S. Julia, 290 F.2d 478, 481 (5th Cir., 1961); Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 261 F.2d 861, 865 (5th Cir., 1958).

delay, then the unexcused delay of almost a year is not sufficient to cause the libel to be dismissed.

We come therefore to the final question—whether the stipulated facts along with those alleged in the libel are sufficient to show that respondents have not been prejudiced. The following facts are stipulated. Respondents had knowledge of the collision immediately afterwards and were advised two days after the accident that the injured SS Rebecca was available for inspection. A damages survey was made by a representative of respondents and a statement was taken from the Master of the Tug Switcher No. 2 under the direction and supervision of counsel for respondents. At the time of the accident the tug was manned by a crew of two men, one of whom is still employed by one of the respondents. As to the other crew member, the captain, his last known address was stipulated as well as the fact that it was not known at the time whether or not he was available as a witness. Subsequent to the submission of the stipulation, proctor for the libellants filed a sworn affidavit that this witness still resided at the same address and was available to testify.

Under these circumstances, it clearly seems that respondents have not been prejudiced by the delay. In the Cities Service case, cited above, the respondent was given notice of the alleged claim and was afforded what the court termed "adequate opportunity" to investigate it, even though there was a delay of 86 days before respondent was given an opportunity to make a survey of the damage. The crew members of respondent were also available to testify. On this basis, the court held that the respondents had not been prejudiced and laches did not lie. The instant case is even stronger for the libellant in that opportunity to survey the damages was given only two days after the accident. Respondents in this suit have available both members of the crew and have already obtained a statement of the Master of the Tug. The defense of respondents has not been subtantially prejudiced.

There is no basis, therefore, for concluding that this libel should be barred by the equitable doctrine of laches. Respondents' exceptions, so based, will be overruled and their motion to dismiss denied. The clerk will notify counsel to draft and submit appropriate order.