**HARCO, a Utah corporation, and the Gift House, Incorporated, a Utah corporation, Plaintiffs,**

**v.**

**ITHACA GUN COMPANY, a New York corporation, and Williamson's Sports Inn, Inc., a Utah corporation, Defendants.**

**No. NC 50–69.**

United States District Court,
D. Utah, N. D.
Nov. 10, 1969.

586

Dean E. Conder and Wallace R. Bennett, Salt Lake City, Utah, for plaintiffs.

L. R. Gardiner, Jr., Salt Lake City, Utah, and Gary L. Gale, Ogden, Utah, for defendants.

## AMENDED MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Plaintiffs are suing the defendants for damages allegedly caused by violation of the antitrust laws.

The defendant, Ithaca Gun Company, has moved to dismiss the action or in lieu thereof to quash the return of service of summons on the grounds: that said defendant is incorporated un-

der the laws of the State of New York and is neither an inhabitant of, nor is found in the District of Utah; that defendant is not subject to service of process in the District of Utah; that the defendant has not been properly served with process in this action. In reference to the motion to quash, the corporation not being "found" within the district, and the agent, upon whom service locally was attempted, not being of a class to bind the corporation, the service and the return thereof should be and they are hereby quashed.

The defendant, Ithaca Gun Company, has also moved the court to dismiss the action on the ground that it is not transacting business within the District of Utah, nor is it an inhabitant or to be found therein.

Although the governing statute limits service of process in antitrust suits to "the district of which it [the defendant] is an inhabitant, or wherever it may be found," the statute provides that an antitrust suit may be brought not only in the judicial district wherein the defendant corporation is an inhabitant or is found, but also in any district wherein it "transacts business". 15 U.S.C. § 22. As has already been said in regard to the motion to quash service, it is clear that Ithaca Gun Company is not an inhabitant of, nor may it be found in the District of Utah. The plaintiffs assert Ithaca transacts business in Utah, which said defendant denies; and this is the crucial issue with reference to the last mentioned motion to dismiss.

It appears from the affidavit of G. Richard Peterson, Field Sales Manager of the defendant Ithaca Gun Company, that Ithaca is a corporation incorporated under the laws of the State of New York with its headquarters and principal place of business located therein, and that Ithaca has had no contacts within the State of Utah which could constitute the transaction of business herein, except for the presence and activities of the representatives hereinafter mentioned:

It is shown by the Peterson affidavit: that on "sporadic and infrequent occasions" sales representatives have been in the State of Utah to call upon retailers; that up to December 31, 1969 (sic), which I will assume to be 1968, an independent manufacturer's representative, with offices in California, called upon the plaintiffs and certain other retailers in Utah on behalf of Ithaca Gun Company "sporadically and infrequently"; that since January 1, 1969, the company has had an employee, Mr. Philip Hoover, with offices and residence in Denver, Colorado, who calls upon selected Ithaca Gun dealers in Colorado, Arizona, New Mexico and Utah; that Mr. Hoover has been in Utah only on "infrequent occasions"; and that prior to the occasion upon which service of process was attempted through Mr. Hoover, he had been in the State of Utah on one other occasion in May, 1969. It further appears that the local retailers who handle Ithaca products also handle various other products including competing firearms; that the inventory of products of each dealer belongs solely to him; and that Ithaca has no control over amounts of inventory and makes no collections in Utah. In 1968, the last fiscal year for which it has records, Ithaca Gun Company sold a total of $47,198.35 of its products to retailers in the State of Utah, which is less than one-half of one percent of the company's gross sales in the United States for that year.

Aside from certain allegations which have been traversed but which are not determinative, the following additional circumstances appear from an affidavit filed by plaintiffs in opposition to the defendant's motion. During the years 1962 to 1967, when plaintiff was purchasing guns and accessories from Ithaca Gun Company, Ithaca Gun Company sent a representative into the State of Utah who would take orders for merchandise which was later shipped into the State of Utah; this representative made rounds "on different times per year." While the affiant is not familiar with the procedure of Ithaca Gun Com-

pany, he is informed and believes that Ithaca now has, and has had since 1967, a direct representative who comes into the territory several times a year to solicit from retail dealers orders which he forwards to the home office. An Ithaca Gun representative has been in the State of Utah to demonstrate the company's products at gun shows, at both Wolfe's store in Salt Lake City and also other stores in Salt Lake City. A demonstration was conducted in Wolfe's store on Friday, September 19, and Saturday, September 20, 1969, and an advertisement which appeared in connection with this show publicized the prospective presence at the show of an Ithaca representative, Philip Hoover. It was the usual procedure for such a representative to demonstrate the types of guns manufactured by Ithaca Gun Company and to assist the dealer in taking retail orders.

■ Upon inquiry of the court, both parties indicated that these affidavits constituted all of the proof either party desired to offer in connection with the motion of the defendant and, thus, the court is required to base its ruling on the question of the transaction of business wholly upon the foregoing circumstances. It would have been desirable in the court's view, were the ruling deemed important, to have had the benefit of further particulars, especially with regard to the substantiality of the Utah contacts, but the court does not make cases and can decide them only upon the basis of the presentations made to it. When venue is challenged by a defendant in an antitrust case, the burden to prove proper venue under the applicable provisions is upon the plaintiffs. Hayashi v. Sunshine Garden Products, Inc., 285 F.Supp. 632 (D.Wash.1967), aff'd. 396 F.2d 13 (9th Cir. 1968).

Plaintiffs rely upon Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927), as demonstrative that Ithaca is transacting business in Utah. For many years prior to the institution of the suit and in a continuous course of business, Eastman carried on interstate trade with a large number of photographic dealers in Atlanta and also other places in Georgia to whom it sold and shipped photographic materials from New York. A large segment of this business was obtained through traveling salesmen who visited Georgia several times each year and solicited from dealers orders which were then transmitted to the New York office for acceptance or rejection. In furtherance of its business and to increase the demands for its goods, Eastman also employed traveling "demonstrators" who visited Georgia several times a year for the purpose of exhibiting and explaining the superiority of its goods to photographers and other users of photographic materials. Although these demonstrators did not directly solicit orders during the demonstrations, they at times accepted retail orders which they would turn over to the local dealers supplied by the defendant. In the context of this basic factual structure, the Supreme Court held that Eastman was doing business in Georgia. The district court decision in this case had stated the factual structure as follows:

> In this case the evidence shows that there are 126 regular customers of the defendant company in the state of Georgia, and that it has certain demonstrators who travel in Georgia and adjoining states for the purpose of demonstrating articles manufactured by the Eastman Kodak Company of New York, of furthering its interests as its representatives and, to some extent, taking orders for goods * * *.

234 F. 955, at 956.

■ It does appear here, as was the situation in *Eastman*, that the defendant in a continuous course of business not only sold and shipped its goods to dealers within the district, but also solicited orders from time to time through its salesman and to some extent promoted a demand for its goods through its demonstrator for the purpose of increasing its sales. There is not, however, the affirmative showing in this case that

there was in *Eastman* in regard to the substantiality of local contacts. The business of Ithaca in Utah, when related to its total business, comprises a small and unimpressive percentage but yet that business cannot be said to be "insubstantial" within the ordinary sense of the term. The real problem here is whether any business transacted locally by Ithaca is substantial by itself, and not necessarily whether the Utah share comprises a substantial or impressive percentage of the company's total business throughout the United States. The problem is not simple in view of the limited evidence before me.

■ A finding that business is being "transacted" cannot be based upon a few isolated and peripheral contacts without reference to their substantiality or continuity. On the other hand, the statute indicates, and the authorities confirm, that to transact business within the district a corporation does not have to be "doing business" therein and that continuing, planned and apparently valued business contacts through representatives may constitute the transaction of business, even though each visit in and of itself might not be substantial.

■ The burden of proof which, as has been said, is upon the plaintiff does not mean that the evidence before me need be wholly satisfactory—indeed, it is far from that—and I assume that reasonable inferences may be drawn from the established facts and that my duty is to determine in spite of the unsatisfactory nature of the evidence whether it appears from the circumstances before me more probable than not that the business being transacted within the State of Utah by Ithaca was substantial. There is no question that there was business transacted on a continuing basis and not merely in isolated, trivial or peripheral instances. It may fairly be inferred that the visits of sales representatives from time to time had a purpose and function in the opinions of the management to justify them. While the visits were not frequent, it is reasonable to suppose that with relatively infrequent changes in gun models, the constant visitation of retail dealers, who themselves have the direct contact with the buying public, would not ordinarily be expected anyway. It is further reasonable to suppose that in advertised gun shows the appearance of manufacturer's representatives as a part of the shows, especially when competitors are represented, is not an unimportant function.

■ Some oral argument was directed to question of the time as of which it becomes important to determine whether business is being transacted. In spite of an indication in the affidavits of a change in the nature of Ithaca's local representation, there is no indication that the substantial business purpose or effect of the representation was altered during any time material herein, or that the transaction of business was essentially less substantial during one period than during any other. Hence, whether the determinative time is as of the time of the relations between the plaintiff and the defendants, or as of the time of the commencement of the action and the service of process, makes little difference.

In the words of *Eastman*:

[S]ince it appears from the facts already stated that the defendant, in a continuous course of business, was engaged, not only in selling and shipping its goods to dealers within the * * * district, but also in soliciting orders therein through its salesmen and promoting the demand for its goods through its demonstrators for the purpose of increasing its sales, we conclude that it was transacting business in that district, within the meaning * * * of the Clayton Act.

273 U.S. at 374, 47 S.Ct. at 404. It must further be concluded that this transaction of business has not been limited to isolated, casual, accidental, peripheral, or insignificant contacts, but that it has constituted a substantial transaction of business.

Ithaca's motion to dismiss for lack of venue or jurisdiction is hereby denied.