SEATTLE–FIRST NATIONAL BANK, a
National Banking Association,
Plaintiff,

v.

O/S MADRONA, Official No. 223,208, her
engines, tackle, boilers, furniture, apparel and equipment, Defendant,

John L. Maxand, Intervening
Plaintiff,

Norman MacDonald d/b/a Tongass Boat
Works, Intervening Plaintiff,

Olaf B. Hansen, d/b/a Hansen Boat
Shop, Intervening Plaintiff.

Civ. No. A74–60.

United States District Court,
D. Alaska.

Feb. 5, 1975.

Dennis L. McCarty, Robin L. Taylor, Jernberg & Taylor, Ketchikan, Alaska, for intervening plaintiffs.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

This cause comes before the court upon the motion of plaintiff, Seattle-First National Bank, for judgment on the pleadings. Plaintiff contends that as a matter of law plaintiff intervenors, Maxand, MacDonald and Hansen are precluded from recovery against the defendant, the O/S Madrona, or, in the alternative, that plaintiff is entitled to priority, as a matter of law, in the disposition of any proceeds from the sale of the O/S Madrona.

This is an action *in rem* whereby plaintiff seeks to foreclose its preferred ship's mortgage on the O/S Madrona. 46 U.S.C. §§ 911–984. For the purposes of this motion only, plaintiffs in intervention are assumed to have preferred maritime liens within the meaning of 46 U.S.C. § 953, with the exception of plaintiff-intervenor Hansen whose claim arose subsequent to March 3, 1973, the date that plaintiff's preferred ship's mortgage was perfected. Plaintiff contends that the intervenor's liens are barred because of laches or, at the least, that they have lost their preferred priority because of laches.

The pleadings establish the following chronology of events as set forth in plaintiff's memorandum in support of its motion.

"1. August 22, 1970—Plaintiff intervenor Norman MacDonald, d/b/a Tonass Boat Works, hereinafter MacDonald, alleges a claim for furnishing labor and materials to defendant on August 22, 1970 in the amount of $1,426.71.

2. 1971, 1972, 1973—Plaintiff intervenor John L. Maxand, hereinafter Maxand, alleges claims for fuel products furnished to defendant during the years 1971, 1972, and 1973 in the amount of $1,230.27.

David A. Engels, Rice, Hoppner, Blair & Hedland, Anchorage, Alaska, for plaintiff.

3. March 3, 1973—Plaintiff Seattle-First National Bank, hereinafter the bank perfected a preferred ship's mortgage on March 3, 1973 in the amount of $5,000.00.

4. April 25, August 1, 1973—Maxand executed a notice of claim of lien on April 25, 1973 and filed it for recording on August 1, 1973 in the amount of $1,230.27.

5. August 2, 1073—Plaintiff intervenor Olaf F. Hansen, d/b/a Hansen Boat Shop, hereinafter Hansen, alleges a claim for furnishing labor and materials to defendant on August 2, 1973 in the amount of $637.66.

6. May 9, 1974—The Bank libels defendant on May 9, 1974.

7. July 26, 1974—Plaintiff intervenors file their combined complaint in intervention on July 26, 1974."

■■ The first issue which must be addressed by this court is the propriety of considering a claim of laches in the context of a motion for judgment on the pleadings. Laches traditionally has consisted of two elements, unreasonable delay and prejudice. Florida Bahamas Lines v. Steel Barge "Star 800" of Nassau, 433 F.2d 1243, 1250 (5th Cir. 1970). It is clear that the delay element may be resolved by viewing the pleadings. However, the element of prejudice is more troublesome, as such normally raises matters outside of the pleadings. The instant case appears to be an exception, as the Court presumes prejudice to the mortgagee, Seattle-First National Bank, since had the mortgagee known of the outstanding claims against the O/S Madrona, a lesser amount would have been loaned or additional collateral required. This assertion is not challenged by plaintiffs in intervention, *cf.* Morales v. Moore-McCormack Lines, 309 F.Supp. 585 (S.D.Texas 1953) aff'd, 208 F.2d 218 (5th Cir.) Therefore, plaintiff's claim of laches raised by a motion for judgment on the pleadings properly can be considered.

■ Courts normally will look to the applicable state statute of limitations or loss of lien provisions, as a guide in determining whether a claim is barred by laches. The Owyhee, 56 F.2d 399 (2nd Cir. 1933); Intercontinental Transportation Co. v. Tug Switcher No. 2, 221 F.Supp. 748 (S.D.Tex.1963); Patterson Shrimp Company v. O/S Freedom, 211 F.Supp. 852 (S.D.Tex. 1962); Gilmore & Black, The Law of Admiralty, §§ 9–77 through 9–83 (1957). No arbitrary or inflexible time period should be established. Rather, "the delay which will defeat . . . a suit must in every case depend on the peculiar circumstances of that case." Young v. The Key City, 14 Wall. 653, 81 U.S. 653, at 660, 20 L.Ed. 896 (1972); accord, Gardner v. Panama R. Co., 342 U. S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951); Florida Bahamas Lines v. Steel Barge "Star 800" of Nassau, *supra*; United States of America Gas Screw Franz Joseph, 210 F.Supp. 581 (D.Alaska 1962).

In the instant case the court finds it unnecessary to decide, at this time, whether the operational time period for laches is six months, one year, or some other period. See, A.S. 34.35.165, A.S. 34.35.180, A.S. 34.35.260, A.S. 34.35.345, A.S. 34.35.415, A.S. 34.35.445, A.S. 34.-35.080, A.S. 34.35.480. In the present action, it is clear that laches applies to the claim by MacDonald, that laches does not apply to Hansen's claim, and that the court does not have sufficient facts before it to determine if the doctrine applies to Maxand's claim.

■ Concerning the claim of MacDonald, it is apparent that approximately two and one half years lapsed between the time the claim arose and plaintiff perfected its mortgage. It is the period prior to the perfection of the mortgage that is relevant in determining laches since this is the period in which the mortgagee is prejudiced by the claimant's inaction. See, Patterson Shrimp Company v. O/S Freedom, *supra*; National Shawmut Bank v. The Winthrop, 134 F.Supp. 370 (D.Mass.1955); *contra*, Gulf Coast Marine Ways v. The J. R.

Hardee, 107 F.Supp. 379 (S.D.Tex. 1952). MacDonald argues that he is entitled to be excused for this two and one half year delay since he was attempting to obtain payment from the mortgagor of the O/S Madrona during this time by informal methods. While such excuse will prevent laches from barring his claim against the mortgagor, it is not sufficient against an innocent third party such as the mortgagee. The Owyhee, *supra*; National Shawmut Bank v. The Winthrop, *supra*, 134 F.Supp. at 373; Gilmore and Black, The Law of Admiralty § 9–83, p. 638. Therefore, the court holds that MacDonald's unexcused inaction for a period of two and one half years prior to the perfection of plaintiff's mortgage unreasonably prejudiced plaintiff rendering laches applicable to MacDonald's lien.

In regard to the claim of Hansen, the mortgagee has not been prejudiced by Hansen's inaction thereby making laches inappropriate. However, Hansen does not have a preferred maritime lien and therefore will rank behind the mortgagee in any event.

In relation to Maxand's claim, it is impossible for the court to rule on the applicability of laches since the pleadings do not reveal whether such claim is based upon a running account. If a running or open account is involved, laches normally will not commence until the date of the last item. National Shawmut Bank v. The Winthrop, *supra*; The U & I, 294 F. 985 (D.Maine 1924). If such is not the case, the doctrine may bar only parts of Maxand's claim.

Remaining for consideration is the effect that laches may have upon the lien claimed by MacDonald. The issue presented is whether laches destroys the lien leaving MacDonald only an action *in personam*, based upon contract or 46 U. S.C. § 941(c), or whether laches simply destroys the preferred status of the lien leaving the lien still viable for the purposes of an action in rem. The issue is recognized but left unanswered in Merchants & Marine Bank v. The T. E. Welles, 289 F.2d 188, 191–192 (5th Cir. 1961) (Brown, J.). The leading case on this question appears to be The Oregon, 6 F.2d 968 (2nd Cir. 1925). There it was held that laches does not relate to the priority of the claimants *inter se*, but rather, if the defense of laches was applicable, such "defeats the claim advanced by plaintiff or libelant." The Oregon, *supra*, at 969; accord, Robinson on Admiralty § 55, p. 398–99. A similar result has been reached in Phelps v. The Cecelia Ann, 199 F.2d 627 (4th Cir. 1952); The Owyhee, *supra*; Patterson Shrimp Company v. O/S Freedom, *supra*; Davis v. The Nola Dare, 157 F. Supp. 429 (E.D.N.C.1957), *but see*, National Shawmut Bank v. The Winthrop, *supra*; Gulf Coast Marine Ways v. The J. R. Hardee, *supra*. This court holds that a proper application of the doctrine of laches, as applied to a dilatory preferred maritime lien, destroys such lien [1] rather than merely affecting its priority between competing liens. Accordingly, this court need not address the problem of priority between a preferred maritime lien to which laches applies and post-mortgage maritime liens.

However, the additional problem exists of whether MacDonald should be allowed to assert his maritime claim, which has lost its lien status, against any surplus funds or "remnants" which may remain after the satisfaction of the preferred ship's mortgage and maritime liens. Although the issue may be illusory, in the interest of judicial efficiency, such will be resolved here. The court finds The Edith, 94 U.S. 518, 24 L.Ed. 167 (1876), controlling in the instant case. *See also*, The Balize, 52 F. 414 (6th Cir. 1887). In The Edith it was held that only the owner and lienholder were entitled to share in the fund derived from the sale of the vessel. Although this rule has been criticized, Gilmore &

---

1. It should be emphasized that the court has found that laches destroys the lien, not the underlying claim.

Black, The Law of Admiralty, § 9–88, it is binding upon this court. Therefore, MacDonald may not share in the proceeds from the sale of the vessel.

Accordingly, it is ordered:

1. That Seattle-First National Bank is entitled to priority over the claim of Olaf B. Hansen.

2. That MacDonald's complaint in intervention is dismissed.

3. That counsel for plaintiff forthwith prepare an appropriate judgment form.