**WESTINGHOUSE CREDIT CORPORATION**

v.

**O/S DOROTHY CLAIRE ON 559486; O/S TRAVELER ON 552463; Their engines, tackle, apparel, etc., in rem.**

Civ. A. No. B–89–00245–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 21, 1989.

**60**

Joann M. Dahl, Westinghouse Credit Corp., Houston, Tex., for plaintiff.

Christopher L. Evans, Meyers, Orlando & Evans, Houston, Tex., for intervenor.

## MEMORANDUM OPINION

COBB, District Judge.

This motion is before the court requesting summary judgment as to the priority of the movant's first preferred ship mortgage on two vessels, O/S DOROTHY CLAIRE and O/S TRAVELER, including their engines, tackle, and apparel.

## FACTS

On September 8, 1989, Anderson Petroleum Transportation Co., Inc., ("Anderson Petroleum"), as owner of the DOROTHY CLAIRE and TRAVELER, granted to Westinghouse Credit Corporation a first preferred ship mortgage on the whole of the DOROTHY CLAIRE and TRAVELER to secure a loan in the original principal amount of $1,709,500.00. The relevant documents indicate this mortgage was recorded with the United States Coast Guard Vessel Documentation Office in Houston, Texas, on September 9, 1981. The mortgage particulars were endorsed on the documents of the vessels on the same date.

On July 12, 1987, Anderson Petroleum executed and delivered to Westinghouse a renewal promissory note in the amount of $498,727.83 and an Amendment and Extension of the First Preferred Ship Mortgage, in accordance with 46 U.S.C. § 922. The amendment and extension was recorded at the United States Coast Guard Vessel Documentation Office in Houston, Texas, on February 2, 1988, and was duly endorsed on the documents of the vessels. The amendment and extension recites that it is given in renewal and extension of the preferred ship mortgage dated September 8, 1981.

Intervenor Coastal Iron Works, Inc. ("Coastal Iron") has intervened in this cause to assert a preferred ship mortgage covering the DOROTHY CLAIRE and TRAVELER executed on June 14, 1983, and recorded at the Coast Guard on July 15, 1983, which is after recordation and endorsement of plaintiff's preferred ship mortgage with the Coast Guard.

Intervenor Anchor Engine Service, Inc. ("Anchor Engine") has intervened in this case to assert maritime liens for necessaries supplied to the vessels. Such necessaries were provided to the vessels in 1985, 1986, and 1987, after recordation and endorsement of plaintiff's mortgage with the Coast Guard.

## LAW AND AUTHORITIES

Plaintiff's mortgage on the oil screws DOROTHY CLAIRE and TRAVELER, their engines, tackle, apparel, etc., is in full compliance with the requirements of the Ship Mortgage Act, 1920, as amended, 46 U.S.C. § 911, *et seq.*, (the "Act")[1] Under

---

1. The Ship Mortgage Act was recodified effective 1/1/89 in 46 U.S.C. Chapter 313. Since the

the provisions of 46 U.S.C. § 922, a valid mortgage on the whole of any vessel of the United States shall have the preferred status give by the provisions of 46 U.S.C. § 953 if:

1. The mortgage particulars are endorsed upon the vessel's license;

2. The mortgage is recorded with the United States Coast Guard at the port of documentation of the vessel, together with the date and time of its recordation and endorsement;

3. The mortgage is accompanied by an affidavit of good faith to effect that the mortgage is made in good faith and without any design to hinder, delay, or defraud any existing or future creditor of the mortgagor or any lienor of the mortgaged vessel;

4. The mortgage does not stipulate that the mortgagee waives the preferred status thereof; and

5. The mortgagee is a citizen of the United States.

After reviewing all of the relevant documents and affidavits, including the affidavit of the supervisor of the Vessel Documentation Section, U.S. Coast Guard at Houston, Texas, it is clear plaintiff's mortgage satisfies all the requirements of 46 U.S.C. § 922 set forth above. The mortgage covers the whole of the oil screws DOROTHY CLAIRE and TRAVELER.

■ The recording by the Coast Guard of a document as a first preferred ship mortgage gives rise to a presumption of regularity which in the absence of other evidence is sufficient to establish the mortgage's validity. *State Street Bank & Trust Co. v. SEA FREEZE*, 1981 A.M.C. 2001, 2003–04 (E.D.Va.1979).

■ Intervenor Coastal Iron Works claims its mortgage has priority over all other claims on the vessels. In support of this claim, Coastal contends that the Coast Guard Abstracts of Title of the DOROTHY CLAIRE and the TRAVELER indicate the plaintiff's mortgage was discharged, for

reasons unknown, on September 10, 1988. In response, the plaintiff has directed the court's attention to the affidavit of the supervisor of the vessel documentation section of the U.S. Coast Guard, Houston, Texas. The affidavit states that there is nothing on either vessel's abstract of title indicating a release or discharge of the mortgage or payment of the underlying debt, and that if the mortgage had been satisfied, released or discharged, it would be reflected on the abstract of title. The mortgage to plaintiff was recorded and endorsed in 1981. While the mortgage was amended and extended July 12, 1987, by vessel owner Anderson Petroleum, this renewal does not disturb the priority of the ship mortgage held by the plaintiff. *Avondale Shipyards, Inc. v. Tank Barge ETS 2303*, 754 F.2d 1300, 1303 (5th Cir.1985).

■ As shown by the certified copies of the Coast Guard Abstracts of Title filed with the affidavit of Mr. Alcorn, the mortgage to plaintiff was recorded and endorsed in 1981, while the mortgage to Coastal Iron Works was recorded and endorsed in 1983. Plaintiff's mortgage outranks the mortgage of Coastal Iron because it was recorded and endorsed prior to the Coastal Iron mortgage.

■ Under 46 U.S.C. § 953, the indebtedness secured by a preferred ship mortgage shall have priority over all claims to the proceeds of the sale of the vessel, except (i) preferred maritime liens and (ii) expenses and fees allowed and costs taxed by the court. *National Bank of North America v. OCEANIC ONDINE*, 335 F.Supp. 71, 73 (S.D.Tex.1971). Preferred maritime liens are defined in § 953 as (i) any maritime lien arising prior in time to the recording and endorsement of a preferred mortgage in accordance with the provisions of the Act, or (ii) a lien for damages arising out of tort, for wages of a stevedore, for wages of the crew of the vessel, for general average, and for salvage, including contract salvage.

---

mortgages here were made prior to that date, however, the relevant inquiry is the Ship Mortgage Act, 1920, as amended.

The claim of Intervenor Anchor Engine is for certain unspecified necessaries. Maritime liens for necessaries are statutorily provided for under the Lien Act, 46 U.S.C. § 971 *et seq.* Nevertheless, any necessaries supplied by Intervenor Anchor Engine were supplied well after the recordation and endorsement of plaintiff's preferred ship mortgage on the DOROTHY CLAIRE and TRAVELER and accordingly this claim must be ranked behind plaintiff's preferred ship mortgage. *Patterson Shrimp Co. v. FREEDOM,* 211 F.Supp. 852, 854 (S.D.Tex.1962).

Based on the foregoing, the ranking of priority of the claims in this case must be as follows:

1. First preferred ship mortgage of plaintiff;

2. Second preferred ship mortgage of Coastal Iron; and

3. Claim of Anchor Engine for necessaries supplied to the vessels.

The proceeds of the sales of the vessels are insufficient to discharge the indebtedness secured by the plaintiff's mortgage on the vessels. For this reason, there are no proceeds available to the intervenors in this case.

Accordingly, plaintiff's motion for summary judgment is GRANTED, and final judgment in accordance with this memorandum is entered this date.