Louis McDANIEL, Libellant, Appellant,

v.

GULF and SOUTH AMERICAN STEAMSHIP COMPANY, Inc., Appellee.

No. 15306.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1955.

Arthur J. Mandell, Houston, Tex., Mandell & Wright, Houston, Tex., for appellant.

M. L. Cook, Houston, Tex., Royston & Rayzor, Houston, Tex., Terriberry, Young, Rault & Carroll, New Orleans, La., of counsel, for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

On the ground of laches set forth in exceptions filed by the respondent-appellee, the appellant's amended libel was dismissed by the District Court. The question for our determination on this appeal is whether laches was so apparent on the face of that libel as to justify dismissal of the suit on exceptions without a hearing on the merits.

The libellant-appellant averred that, on February 13, 1949, he sustained injuries while he was an employee of the Texas Star Stevedoring Company and engaged in loading or unloading the SS Gulf Merchant, a vessel owned and operated by appellee. He asserted that five 100 pound pallets, being carried by one of the ship's winches, fell upon him as the result of specified negligence of appellee and while he was performing his appointed duties in one of the ship's holds, striking appellant and inflicting on him extensive injuries. These included a skull fracture with severe brain-concussion and fractures of the hip, the femur and the ankle. The libel was not filed until July 15, 1953, and appellant recognized the disposition of District Courts, sitting in admiralty and determining whether laches had barred recovery, to adopt by analogy state statutes of limitation governing actions at law for damages (here, the Texas Two-Year Statute, Vernon's Ann. Civ.St.Tex. art. 5526). He claimed, how-

ever, that his failure to bring the suit more promptly was excusable, being due to circumstances beyond his control occasioned by the disabling injuries affecting his mind and impairing his faculties generally and resulting from appellee's negligence.

Appellant further averred in his libel that, as the result of his injuries, he remained continuously in a hospital for five months during the initial two weeks of which he was unconscious; that by reason of the skull fracture, he suffered hemorrhages in the membranes covering his brain with organic brain changes and cerebral contusions which left permanent damage to his brain producing defective memory, emotional instability, incapacity to reason coherently including a total inability to recall or relate any of the facts or circumstances surrounding his injuries. There had been a series of operations through the years and appellant had been under the care and treatment of neurologists and psychiatrists, but he had nevertheless "been unable and still is unable to manage his affairs", and his mental condition had throughout been such "that he could not have exercised any greater diligence than he did to seek redress in this case"; and that appellant "did exercise as much diligence as he was capable of", and that the "condition which prevented him from acting sooner than he did was caused and brought on by the negligence of the respondent * * * *".

The libel further asserted that "no prejudice to the respondent has ensued from the mere passage of time", and that he should not be barred from recovery "where no prejudice to the respondent has ensued as in this instance under the facts and circumstances in this case * * * *".

In its opinion sustaining appellee's exceptions and dismissing the suit without a hearing, the District Court found from certain medical reports attached as exhibits to the libel that appellant had commenced light work in a garage about December, 1950, from which fact it concluded that he was physically and mentally able to bring his suit on that date and thereafter. The Court found that, even if this was not so, the medical reports of March 16th and May 13th, 1953 indicated that appellant was able to work and was actually working, from which the conclusion was reached that appellant was certainly able to file his libel from two to four months before it was actually filed. The exhibits to which the Court below referred were largely copies of letters written by various physicians to an insurance company in connection with a claim which had been made by appellant under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The decision of the Court below is based upon those letters with but scant mention being made of the averments of the libel itself.

■ We are unable to agree with the conclusion reached by the Court below. In considering whether the exceptions would warrant dismissal, it was the duty of the Court to accept as true the well pleaded averments of the libel, cf. Art Metal Construction Co. v. Lehigh Structural Steel Co., 3 Cir., 1940, 116 F.2d 57, and Taylor v. Crain, 3 Cir., 1952, 195 F. 2d 163. Under those averments, as outlined above and as supplemented by the statements exhibited with it, we think it was error for the Court below to dismiss the libel without hearing the case on the merits. It may be that appellant can supplement the expert testimony by that of lay witnesses so as to establish the truth of what has been averred in the libel. Under those averments laches would not bar a recovery by appellant for the serious injuries sustained by him.

■■ Courts of admiralty which act upon principles of equity [1] are not bound by the applicable statutory limitations governing the bringing of actions at law in local courts to make a mechanical application of such statutes but, by analogy, they will generally be guided by such

1. 1 Am.Jur., Admiralty, Sec. 72, p. 588.

statutory periods.[2] The lapse or non-lapse of the statutory period of limitations is not, of itself, decisive, but is only one of various factors to be taken into consideration by the court. No arbitrary or fixed period of time will be established as an inflexible rule, but the delay which will defeat such a suit must, in every case, depend on the peculiar equitable circumstances of that case. Even though the statutory period of limitations has elapsed, a claim will not be held to be barred by laches where there has been no inexcusable delay in seeking a remedy and no prejudice to the respondent has ensued from the mere passage of time. An inexcusable delay causing prejudice to the other party must be found to exist in order to establish laches as a valid defense.[3]

■ The existence of laches is a question of fact to be decided by the court after weighing the equities as they appear from the facts of each case.[4] The facts to be considered here are those appearing from the averments of the libel as supplemented but not limited by the statements exhibited therewith. The holding of this Court in United States v. Alex Dussel Iron Works, 5 Cir., 1929, 31 F.2d 535, 537, is persuasive in our consideration of this case. Although the facts there differed from those here, the procedural aspects are similar. The language there used controls with respect to the practice which we should follow here:

"We think the defense of laches under the admiralty practice, as in equity, is as a rule properly presented only by answer and not by exception. This is certainly true, unless the libel on its face shows laches

as a matter of law. Laches consists of two elements, inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay. Its existence depends upon the equities of the case, and not merely upon the lapse of time. * * We do not think that the libel shows laches as a matter of law, unless it can be implied from the delay of six years. Differing from prescription, time alone is not enough to show laches. The circumstances and the equities of the parties must be as well considered. The Key City, 14 Wall. 653, 20 L.Ed. 896. Laches is an affirmative defense, and, unless appearing upon the face of the pleading, must be asserted by the answer of the respondent."

■ In the absence of special circumstances and adequate explanations for delaying beyond the period within which actions at law could be brought under the state statute of limitation, a court of equity will deny relief. If such absence of special circumstances appears clearly from the face of the libel, a court will be justified in declaring as a matter of law that the right has been barred by laches. Such an exceptional case was before this Court in Morales v. Moore-McCormack Lines, supra [208 F.2d 221]. In that case we said: "It is settled law: that in situations of this kind, where the libel shows on its face that it is barred by laches, prejudice to the respondent is presumed until the contrary is made to appear; that it is incumbent on the libellant, to show facts excusing the delay; and that the libellant has the burden of rebutting the presumption of prejudice."

2. McGrath v. Panama R.R. Co., 5 Cir., 1924, 298 F. 303; Morales v. Moore-McCormack Lines, 5 Cir., 1953, 208 F. 2d 218. See also Russell v. Todd, 1940, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754; Holmberg v. Armbrecht, 1946, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743; and Gardner v. Panama R.R. Co,, 1951, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31, reversing decision of this court reported in 185 F.2d 730.

3. These principles as established by decisions of the Supreme Court are well expressed in an annotation following Gardner v. Panama R.R. Co., 1951, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31, reversing the decision of this Court reported in 185 F.2d 730, the annotation beginning on page 37 of 96 L.Ed.

4. Terry v. Prairie Oil & Gas Co., 5 Cir., 1936, 83 F.2d 843.

What we said there related to the facts of the case then before us.[5] Those facts, supplemented by the full statement of counsel and accepted by the court as if contained in the libel, presented a situation quite different from that with which we are now dealing. The positive averments of the libel here disclose a case of clearly excusable delay.

Appellant has shown in his libel and its exhibits that his mental condition has been such since his injury that he has not been capable of attending intelligently to the protection of his rights by employment of counsel and bringing his suit before the courts. The fact that, through the efforts of his wife and the charity of his employers, he has been able to do light work requiring a minimum of intelligence cannot be held to destroy his right to compensation under the doctrine of laches. Even statutes of limitation are customarily tolled during periods of mental incapacity and the considerations which lie behind that salutary rule will be applied generously by a court dealing with the equitable doctrine of laches. Equity will certainly not strain in an effort to find a way to absolve appellee from liability resulting from negligence as described in the libel and to reward it by penalizing appellant for his failure to act when such failure was the direct product of that negligence.

It is clear, moreover, that the libel avers that appellee has not been prejudiced by the delay. It is argued that prejudice would inevitably follow a delay such as is reflected here. We do not agree. As a practical proposition we know that a serious accident of the sort described in the libel would be fully investigated by the average person and no circumstance is suggested which would lead to the assumption that the usual procedure was not followed here. Judge Learned Hand in The Fulton, 2 Cir., 1931, 54 F.2d 467, 469, had this to say in a situation not unlike that before us:

"There has been an extraordinary delay. The libel was filed more than four years after the collision, which occurred nearly ten years ago. In spite of the absence of any explanation, we cannot see that the delay ipso facto should defeat the claim. Although one of the claimant's witnesses died before trial, this was misfortune whose consequences cannot be pressed so far."

█ We hold that laches does not appear upon the face of the libel before us and the facts therein set forth distinguish this case from the Morales case and that appellant should have been permitted to meet the defense of laches in a hearing on the merits. For the reasons stated the decree of the District Court dismissing the libel is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

5. Appellants there claimed that they did not wholly appreciate the permanent effects of poisonous gases arising from chemicals used in connection with a grain cargo and did not appreciate their legal right to bring action for damages resulting to them because of their lack of education. After consulting an attorney there was a delay we considered unreasonable. Moreover, the trial court had accepted a written statement by libellant's attorneys of what they intended to prove and had based its decision on the assumption that those facts were true. We expressed the view that it would be difficult to conceive that proper proof could be made after the lapse of time of such an ephemeral thing as the details attending the use of fumigants in the hold of a vessel. These were some of the special circumstances which made it proper to hold that laches appeared from the face of the libel. But we do not have any facts here which would justify such a holding.