**Jewel M. COOPER, Plaintiff-Appellant,**

v.

**DIAMOND M COMPANY,
Defendant-Appellee.**

No. 85–3299.

United States Court of Appeals,
Fifth Circuit.

Sept. 8, 1986.

Joseph L. Waitz, Waitz & Downer, Houma, La., for plaintiff-appellant.

Hailey, McNamara, Hall, Larmann & Papale, Thomas M. Richard, Metairie, La., for defendant-appellee.

Before REAVLEY, RANDALL and DAVIS, Circuit Judges

RANDALL, Circuit Judge:

Appellant Jewel M. Cooper appeals from the district court's entry of summary judg-

ment. We affirm in part, and reverse and remand in part.

## I.

Jewel M. Cooper was employed as a steward by appellee Diamond M Company. On April 4, 1979, Cooper sustained injuries on the Diamond M vessel, Century, when she slipped and fell in water that had allegedly leaked from a refrigeration unit. The accident was not witnessed; another employee walked into the refrigeration unit to find Cooper already on the floor. Cooper explained that she had slipped and fallen, and reported the accident to the barge captain.

According to an affidavit filed by Cooper, Diamond M assured Cooper that she would have a job as long as she wanted. Cooper continued to work for Diamond M "in pain" until April 27, 1983, receiving "compensation" of two hundred dollars per week from Diamond M from May 20, 1983, until September of 1983, when she was fired.

On November 14, 1983, over four years after the accident, Cooper sued Diamond M for personal injury pursuant to the Jones Act, 46 U.S.C. § 688, and general maritime law. Diamond M moved for summary judgment, claiming that Cooper's suit was untimely. The district court granted the motion as to the Jones Act claim, but denied it as to the unseaworthiness claim, allowing Cooper an additional ten days to amend her complaint to show that this latter claim was not barred by laches. Cooper amended her complaint to allege that her delay in filing suit was excusable and that the delay did not prejudice Diamond M. In a later amendment, Cooper added a maintenance and cure claim.

Diamond M again moved for summary judgment in July 1984, maintaining that Cooper's claim was barred either by laches or by the statute of limitations embodied in 46 U.S.C. § 763a. To support its claim of laches, Diamond M relied primarily on the affidavit of Kenneth A. Bradley, the claims manager of Diamond M. The affidavit stated that Cooper's supervisor, Hubert Boeckle, an important witness, had died on April 23, 1982. According to the affidavit, Boeckle would have had knowledge both of Cooper's post-accident condition and of the state of the equipment that had allegedly led to Cooper's accident.

In August 1984, the district court orally denied in part Diamond M's motion, ruling that 46 U.S.C. § 763a, enacted October 6, 1980, did not apply to bar Cooper's claim. Turning to the laches issue, the court ruled that Cooper's delay in filing suit was not excusable. The court, however, gave Cooper additional time for discovery on the question of prejudice to Diamond M.

On March 7, 1985, Cooper and Diamond M filed a joint motion for summary judgment. Cooper had submitted no additional affidavits or depositions contradicting the evidence of prejudice contained in the Bradley affidavit. Accordingly, on April 1, 1985, the district court granted summary judgment for Diamond M, ruling that Cooper had failed to carry her burden of showing that Diamond M had not been prejudiced by the delay in suit. The court also rejected Cooper's claim that the obligation to provide maintenance and cure was contractual and therefore governed by the ten-year Louisiana prescriptive period for contractual claims rather than by laches. Cooper now appeals the district court's entry of summary judgment against her on the unseaworthiness and maintenance and cure claims.

## II.

■ Summary judgment is appropriate if the full record discloses that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). On review, we apply the same test as does the district court. Because we find Cooper's unseaworthiness claim to be time-barred by 46 U.S.C. § 763a, we affirm the district court's entry of summary judgment against Cooper on this claim.[1] However, because we conclude that the district court did not apply the correct legal standard in determining when the maintenance and

---

**1.** If we find the order of summary judgment    correct, we can affirm the order although we

cure cause of action accrued, we must reverse the district court's entry of summary judgment on the maintenance and cure claim.

Section 763a, enacted October 6, 1980, provides:

> Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

Only two circuit courts have addressed, with differing conclusions, the question whether § 763a should be applied to a cause of action, such as Cooper's unseaworthiness action, which accrued prior to the statute's date of passage. In *Fordham v. Belcher Towing Co.*, 710 F.2d 709 (11th Cir.1983), the Eleventh Circuit refused to apply § 763a to a negligence claim which had accrued in 1978, instead remanding the suit for determination of whether it was time-barred in accordance with the law of laches. In *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037 (9th Cir.1985), the Ninth Circuit did apply § 763a to extend the period of limitations applicable to a cause of action which accrued in July 1980, three months prior to the passage of § 763a,

explaining: "when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases." 751 F.2d at 1039.

We find that § 763a applies to Cooper's unseaworthiness claim. A newly-created statute of limitation will not violate the Constitution by divesting a vested right if it allows a reasonable time for those affected by the Act to assert their rights. *Fust v. Arnar-Stone Laboratories, Inc.*, 736 F.2d 1098, 1100 (5th Cir.1984). In the instant case, Congress, by the very terms of § 763a, indicated that three years would be a reasonable prescriptive period for asserting an unseaworthiness claim. We thus find that a claim which accrued prior to the date of passage of § 763a remains viable for three years after the date of passage of that statute and thereafter succumbs to the absolute bar impressed by Congress. *See Fust*, 736 F.2d at 1100.[2] Because Cooper filed suit in November 1983, more than three years after the passage of § 763a, we find her unseaworthiness claim to be time-barred.[3]

We find that Cooper's maintenance and cure claim, however, was timely filed. "Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's

---

disagree with the reasons given by the trial judge. *Shelby v. McAdory*, 781 F.2d 1053, 1054 (5th Cir.1986). Moreover, our conclusion that Cooper's unseaworthiness claim is governed by § 763a rather than by the analogous Jones Act statute of limitations and the doctrine of laches is not altered by our decision in *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223 (5th Cir. 1984). In *Albertson*, we invoked the doctrine of laches to bar a claim which accrued in 1969 and was sued upon in 1981; the applicability of § 763a, however, was not an issue before us in *Albertson*.

**2.** In addition, as the Ninth Circuit further observed in *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037 (9th Cir.1985), those cases refusing to give § 763a retrospective application "dealt with whether § 763a could be used to cut off actions which were otherwise viable under the doctrine of laches." 751 F.2d at 1039 n. 4 (emphasis omitted). We agree with the district court that, in the absence of application of § 763a, Cooper cannot here sustain her burden of proof under laches to show reasonable delay and absence of prejudice. Thus, this is not a case which would

be "otherwise viable under the doctrine of laches."

**3.** Cooper's brief can be read to allege that Diamond M's promise to provide her with employment as long as she wished should either toll § 763a or estop Diamond M from relying on § 763a. We do not agree. We find that Cooper's allegation is not sufficient to toll the statute. And while "[t]he equitable principle of estoppel prevents a defendant whose representations or other conduct have caused a plaintiff to delay filing suit until after the running of the statutory period from asserting that bar to the action," in order "to create an estoppel, the conduct of the defendant must be so misleading as to cause the plaintiffs' failure to file suit." *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228, 1231 (5th Cir.1980), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981). We do not find Diamond M's conduct so misleading as to have caused Cooper's delay in filing suit; thus, Diamond M can, as it did before the district court and does before us now, invoke the bar of § 763a.

service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531, 82 S.Ct. 997, 1000, 8 L.Ed.2d 88 (1962). "Maintenance is a *per diem* living allowance, paid so long as the seaman is outside the hospital and has not reached the point of 'maximum cure.' Cure involves the payment of therapeutic, medical and hospital expenses not otherwise furnished to the seaman, again, until the point of 'maximum cure.'" *Pelotto v. L & N Towing Co.*, 604 F.2d 396 (5th Cir.1979). "The Supreme Court has long recognized the importance of these remedies ... and has declared that the doctrines of maintenance and cure are to be liberally construed to benefit the seaman." *Caufield v. AC & D Marine, Inc.*, 633 F.2d 1129, 1132 (5th Cir.1981). "When there are ambiguities or doubts, they are resolved in favor of the seaman." *Vaughan*, 369 U.S. at 532, 82 S.Ct. at 1000. Maintenance and cure are due without regard to negligence or unseaworthiness, and the claim for maintenance and cure can be filed separately from whatever Jones Act or unseaworthiness claims are also available. *Pelotto*, 604 F.2d at 402; 1B *Benedict on Admiralty* § 43 at 4–10 (1985).

■ In finding Cooper's maintenance and cure claim to be barred by laches, the district court seems to have assumed that the claim for maintenance and cure accrued on the date that Cooper slipped and fell: April 4, 1979. The record indicates, however, that Cooper was not incapacitated by this 1979 fall, but instead continued to work, albeit "in pain," until April 27, 1983. Cooper's cause of action for maintenance and cure thus did not accrue until April 27, 1983, when she became "incapacitated to do a seaman's work." [4] *Vaughan*, 369 U.S.

at 531, 82 S.Ct. at 1000. Seamen have always been accorded the right to bring suit, including serial suits, to collect maintenance and cure benefits as they become due, *Pelotto*, 604 F.2d at 401, and we cannot approve the district court's apparent reasoning that Cooper should have sought maintenance and cure *prior* to her incapacity.[5] As Cooper's cause of action accrued in April 1983, and as she brought suit in November 1983, amending her complaint to reflect her maintenance and cure claim in December of 1984, Cooper was well within the three year statute of limitation embodied in § 763a. The district court's conclusion that Cooper's maintenance and cure claim was time-barred therefore cannot stand.

For the above reasons, the judgment of the district court is AFFIRMED in part and REVERSED in part and REMANDED.

---

**4.** The record reflects that Cooper received some form of "compensation" payments from Diamond M from May through September 1983, and that Diamond M, at least at one point, viewed these payments as maintenance and cure. Whether these payments in fact constituted maintenance and cure and the total amount of maintenance and cure due Cooper are of course issues of fact to be resolved by the district court upon remand.

**5.** As the Supreme Court has recognized: "[t]he custom of providing maintenance and cure in kind and concurrently with its need has had the advantage of removing its benefits from danger of being wasted." *Farrell v. United States*, 336 U.S. 511, 519, 69 S.Ct. 707, 711, 93 L.Ed. 850 (1949).