IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-30510
Summary Calendar

JACKSON C JONES, JR

Plaintiff - Appellant

v.

TIDEWATER MARINE LLC

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
2:05-CV-3076

Before WIENER, GARZA, and BENAVIDES, Circuit Judges..

PER CURIAM:[*]

Jackson Jones ("Jones") appeals the district court's dismissal of his maritime claims against his former employer, Tidewater Marine LLC ("Tidewater"). The district court dismissed Jones claims on prescription grounds, finding that the limitations period had run on each of his claims. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Jones worked as a deck hand for Tidex, a predecessor of Tidewater, on its ship called the NORTH TIDE from November 1978 through March 1979. Twenty-six years later, in August 2005, Jones filed a federal suit seeking damages against Tidewater. His suit alleges that in the winter of 1978-79 he was involved in an accident on the NORTH TIDE. Jones contends that while helping to load or unload cargo he was knocked unconscious, and that he suffered head and neck injuries as a result of the accident. Jones claims that the injury aboard the NORTH TIDE led to his suffering from amnesia that prevented him from remembering the accident for more than twenty years. He also alleges that Tidewater worked to cover up his accident by removing him from the ship and having him secretly treated at an unknown medical facility. His entire recollection of the accident comes from his alleged dream which occurred in September 1998.

In August 2005, Jones filed this action in federal court against Tidewater seeking damages under the Jones Act, general maritime law, as well as seeking maintenance and cure damages.[1] At the end of discovery, Tidewater filed a motion to dismiss Jones's claim arguing, inter alia, that the limitations period for each claim expired before Jones filed his suit. Jones responded, arguing that the limitations periods governing his claims should be equitably tolled during

---

[1] The seven-year delay between Jones's dream and his federal court filing occurred because he chose to pursue worker's compensation remedies in the interim. In July 1999, Jones sought worker's compensation in Louisiana state court as well as under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 910 et seq. Both of Jones's worker's compensation claims were eventually dismissed for lack of jurisdiction, with the state decision becoming final in December of 2001 and the LHWCA decision in June of 2005. On appeal, Jones argues that the pendency of these worker's compensation actions tolled the limitations periods. However, because Jones fails to provide evidence sufficient to create a genuine issue of material fact as to his amnesia, these latter tolling issues are moot.

the period he suffered from amnesia. After a hearing on Tidewater's motion, the district court summarily dismissed all of Jones's claims based on prescription.[2]

In dismissing Jones's claims, the district court relied on evidence outside the pleadings. Therefore, we review the district court's dismissal under our summary judgment standard, and treat its ruling as a grant of summary judgment in favor of Tidewater based on prescription. See Bossard v. Exxon Corp., 559 F.2d 1040, 1041 (5th Cir. 1977) (noting that when a district court, in ruling on a motion to dismiss, considers information outside the pleadings, the grant of the motion to dismiss is to be treated as summary judgment under FED. R. CIV. P. 56).

II

We review a grant of summary judgment de novo, applying the same standard as that applied by the district court. American Home Assur. Co. v. Chevron, USA, Inc., 400 F.3d 265, 268 (5th Cir. 2005). Summary judgment is appropriate if the moving party can show "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In making this determination, we evaluate the facts in the light most favorable to the non-moving party)) in this case, Jones. See American Home, 400 F.3d at 268. "A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Park v. Stockstill Boat Rentals, Inc, 492 F.3d 600, 602 (5th Cir. 2007).

---

[2] The district court did not make clear the precise factual or legal support for its judgment, simply stating that the suit was dismissed based on prescription grounds. However, we may affirm a grant of summary judgment for any reason supported by the record, even if not relied upon by the district court. See Louisiana Crawfish Producers Ass'n-West v. Rowan, 463 F.3d 352, 360 n.4 (5th Cir. 2006).

III

A limitations period for a cause of action begins to run when a cause of action accrues. See Albertson v. T.J. Stevenson & Co., Inc., 749 F.2d 223, 229-31 (5th Cir. 1984). "A cause of action under the Jones Act and general maritime law accrues when a plaintiff has had a reasonable opportunity to discover his injury, its cause, and the link between the two." Crisman v. Odeco, Inc., 932 F.2d 413, 415 (5th Cir. 1991). The pertinent statutes of limitations provide that claims under the Jones Act and general maritime law are time-barred unless commenced "within three years from the day the cause of action accrued." 45 U.S.C. § 56 (Jones Act); 46 U.S.C. § 30106 (general maritime law, previously codified at 46 U.S.C. App. § 763a). The timeliness of maintenance and cure claims is governed by the equitable principle of laches, however we have applied the three-year limitations period from § 30106 as a benchmark in reviewing laches-based decisions of the district court. See Cooper v. Diamond M Co., 799 F.2d 176, 178-79 (5th Cir. 1986) (analyzing laches issue in the context of § 30106 three-year limitations period). Without his argument for tolling based on amnesia, any limitations period would have expired more than two decades before Jones brought suit.

In support of his amnesia argument, Jones relies primarily on McDaniel v. Gulf and South Am. Steamship Co., Inc., 228 F.2d 189 (5th Cir. 1955). In McDaniel, we reversed the district court's application of the doctrine of laches to bar a longshoreman's claim. Id. at 190. There we noted that McDaniel's injuries to his head and skull affected his mental condition such that he was not "capable of attending intelligently to the protection of his rights by employment of counsel and bringing his suit before the courts." Id. at 193. We held that McDaniel should have been allowed to meet the defendant's laches argument with proof that his mental incapacity led to his inability to bring a timely suit. Id.

"Given the policies favoring limitation periods, federal courts have typically extended equitable relief only sparingly." Wilson v. Zapata Off-Shore Co., 939 F.2d 260, 267 (5th Cir. 1991) (providing two examples: (1) where the claimant actively pursued remedies by filing timely but defective pleading; (2) where clamant was induced or tricked by his adversary's misconduct into allowing the deadline to pass). Assuming arguendo that the limitations periods could be equitably tolled based on a showing by Jones that he suffered from amnesia, Tidewater argues that Jones has not provided sufficient evidence of his head injury or memory loss to survive summary judgment. "Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary judgment is appropriate." Alton v. Texas A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999). As opposed to McDaniel, Jones has had the opportunity to prove through discovery that his mental condition caused his failure to file within the limitations period. We agree with Tidewater that Jones has not provided sufficient evidence to move beyond summary judgment on his claim that amnesia justifies tolling the applicable limitations periods.

Jones has not created a genuine issue of material fact as to whether he suffered from selective amnesia beginning in 1978-79 that blocked the NORTH TIDE accident from his mind for twenty-plus years. First of all, the record presents only tenuous evidence that Jones even suffered a head injury while on the NORTH TIDE. The NORTH TIDE's captain during Jones's employment, who was responsible for reporting any injury or illness on the ship, testified that he did not fill out a report for an accident like that described by Jones, and that he did not independently recall any accident occurring where a deck hand injured his head or was knocked unconscious. The only evidence that Jones was injured on the NORTH TIDE came in the form of deposition testimony from the

ship's galley cook and suggested that Jones injured his lower leg or foot in an accident. However, the cook admitted not seeing the accident. Further, the cook stated that he did not recall Jones ever being knocked unconscious, but did recall Jones working the entirety of his "hitch" on the NORTH TIDE. The only mention of memory loss is found in a medical report from September 1998 by Dr. C. D. Burda. Dr. Burda is a rheumatologist, a doctor who specializes in the treatment of arthritis. Dr. Burda's treatment occurred after Jones revealed to Burda that he recalled his accident on the NORTH TIDE based on a recent dream. Dr. Burda's report includes a single statement that Jones "is suffering some type of memory loss." However, Dr. Burda's initial diagnosis does not support the fantastic claim that Jones suffered from specific memory loss which blocked out the NORTH TIDE accident and lasted the entire preceding twenty years. The summary judgment record does suggest that Jones suffered numerous head, neck, and back injuries during accidents in the 1990s and even that he could have suffered from post-concussive syndrome as a result of one of the auto accidents. These accidents, and the treatment Jones received for them, do nothing to prove his claim of amnesia that onset in 1978-79. We hold that the evidence of Jones's memory loss is so weak or tenuous that it could not possibly support a finding that the limitations period should be equitably tolled. See Alton, 168 F.3d at 199. Therefore, Jones' claim for equitable tolling based on amnesia fails as a matter of law. Assuming arguendo that an accident occurred on the NORTH TIDE in the winter of 1978-79, Jones's cause of action would have accrued at that time and the limitations periods on all of his claims would have commenced. See Crisman, 932 F.2d at 415.

Limitation periods are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." American Pipe and Constr. Co. v. Utah, 414 U.S. 538, 554 (1974). We worry

about the number of stale, and potentially fraudulent, claims that would surface in the future if we allowed Jones to proceed on his unsubstantiated claim of amnesia. The district court properly dismissed Jones's claims, filed some twenty-six years after the occurrence of his alleged injury, based on prescription.

Accordingly, we AFFIRM the judgment of the district court.