RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0195p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

ANDREW CUNNINGHAM,

  *Plaintiff-Appellant,*

  *v.*

INTERLAKE STEAMSHIP COMPANY,

  *Defendant-Appellee.*

No. 07-4017

—————————

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 06-01641—Sara E. Lioi, District Judge.

Argued: June 6, 2008

Decided and Filed: June 2, 2009

Before: DAUGHTREY, CLAY, and McKEAGUE, Circuit Judges.

—————————

## COUNSEL

**ARGUED:** John V. Scharon, Jr., Pepper Pike, Ohio, for Appellant. Irene C. Keyse-Walker, TUCKER, ELLIS & WEST, LLP, Cleveland, Ohio, for Appellee. **ON BRIEF:** John V. Scharon, Jr., Pepper Pike, Ohio, for Appellant. Irene C. Keyse-Walker, Jeffrey A. Healy, Benjamin C. Sasse, TUCKER, ELLIS & WEST, LLP, Cleveland, Ohio, for Appellee.

—————————

## OPINION

—————————

MARTHA CRAIG DAUGHTREY, Circuit Judge. This appeal presents a question of first impression in this circuit concerning the timeliness of a seaman's suit for maintenance and cure – the federal common law duties of a shipowner to provide food, lodging, and medical care for an employee injured while in the service of his ship. In addition to a maintenance-and-cure claim against defendant Interlake Steamship Company, plaintiff Andrew Cunningham also alleged that he had suffered harm due to the defendant's negligence and to the ship's unseaworthiness. Interlake defended on the ground that

1

Cunningham's claims were barred by relevant statutes of limitations. The district court granted summary judgment to Interlake, concluding that the negligence and unseaworthiness claims were untimely and that the claim for recovery of maintenance and cure, although timely, could not be sustained because the defendant had discharged its obligation toward the plaintiff. We find no error in the district court's well-reasoned analysis and, therefore, affirm the judgment of the district court in Interlake's favor.

Cunningham injured his back on July 10, 1998, while serving as a crewman aboard a ship owned by Interlake. He filed suit in Ohio state court on July 6, 2001, alleging negligence, unseaworthiness, and failure of maintenance and cure. On July 11, 2005, the day trial was to begin in state court, Cunningham voluntarily dismissed his claims without prejudice. Instead of refiling in state court, however, Cunningham then filed his claims in federal district court on July 7, 2006. Interlake moved to dismiss Cunningham's complaint for failure to state a claim upon which relief could be granted, arguing that the statute of limitations barred Cunningham's claims. The district court treated Interlake's motion as a motion for summary judgment and, after additional briefing from the parties, granted summary judgment in favor of Interlake.

The negligence claim in this case was brought under the Jones Act and is, therefore, subject to the Act's three-year statute of limitations. *See* 46 U.S.C. § 30106. Because injured seamen must file actions alleging unseaworthiness under general maritime law at the same time as claims of negligence under the Jones Act, the Supreme Court has held that the Jones Act's three-year statute of limitations also applies to unseaworthiness claims. *See McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 224-26 (1958). When Cunningham filed this action in federal court on July 7, 2006, however, almost eight years had elapsed since the date of his injury. He argued in the district court that the statute of limitations was tolled by the Ohio savings statute or, in the alternative, that Interlake should be equitably estopped from asserting the statute of limitations as a defense.

When originally enacted, the Jones Act did not contain a statute of limitations but, instead, incorporated the limitations period provided by the Federal Employers' Liability Act. *See McAllister*, 357 U.S. at 225 n.6. In *Burnett v. New York Central Reynolds & Reynolds Co.*, 380 U.S. 424, 433 (1965), the Supreme Court held that in order to promote

national uniformity, the three-year statute of limitations in the Federal Employers' Liability Act cannot encompass a state's savings statute. Because the statute of limitations for claims of negligence under the Jones Act and of unseaworthiness is based on the Federal Employers' Liability Act, the district court properly refused to apply the Ohio savings statute to toll the statute of limitations on Cunningham's claims.

The district court was equally unimpressed with Cunningham's equitable estoppel argument. Equitable estoppel tolls a statute of limitations if a defendant actively prevents the plaintiff from timely filing his or her claims. *See Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004). Cunningham contended that because Interlake had remained silent when Cunningham voluntarily dismissed his claims in state court without refiling immediately in federal court, it should be estopped from asserting the statute of limitations as a defense. The district court properly held that the defendant's attorney was under no obligation to inform Cunningham's lawyer about the consequences of a voluntary dismissal of his action in state court, citing, among other authorities, *Mamer v. Apex R.E.&T.*, 59 F.3d 780, 782 (8th Cir. 1995) (responsibility for plaintiff's voluntary dismissal of state court action, based on erroneous belief that stipulation with defendant would toll statute of limitations, rested with plaintiff alone); *Cerney v. Norfolk & Western Ry. Co.*, 662 N.E.2d 827, 830 (Ohio Ct. App. 1995) (defendant's lack of objection did not constitute acquiescence in plaintiff's voluntary dismissal so as to effect equitable tolling of state's statute of limitations). It follows that the court did not err in dismissing Cunningham's negligence and seaworthiness claims as barred by the statute of limitations.

The three-year statute of limitations for maritime tort actions found in 46 U.S.C. § 30106 does not apply to an action for maintenance and cure, however, because the action does not sound in tort. Indeed, the shipowner's duty arises regardless of fault and whether or not employment on the ship actually caused the seaman's injury. *See Stevens v. McGinnis, Inc.*, 82 F.3d 1353, 1357 (6th Cir. 1996) (citing *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 527 (1938)). As we noted in *Blainey v. American S.S. Co.*, 990 F.2d 885, 886-87 (6th Cir. 1993), this "unique package of remedies" is "[d]ue to 'historical tradition and the realization that seamen are required to endure special perils and hardships" and includes provision of food and lodging (maintenance) and medical care and attention (cure) during

the period of injury or illness.**1**   Nor can the duty of the shipowner be contracted away, because the obligation is not contractual.  *See Vaughan v. Atkinson*, 369 U.S. 527, 532-33 (1962) (citing *Cortes v. Baltimore Insular Line*, 287 U.S. 367, 371 (1932)).

When, as in the case of maintenance and cure, a cause of action does not have a specific statute of limitations, the equitable defense of laches can serve to limit the period of time during which an individual may file suit.  Not surprisingly, then, a number of federal courts have applied the doctrine of laches in determining the timeliness of claims for maintenance and cure.  *See, e.g.*, *Jones v. Tidewater Marine, LLC*, 262 Fed. Appx. 646, 648 (5th Cir. 2008) (following *Cooper v. Diamond M Co.*, 799 F.2d 176, 178-79 (5th Cir. 1986)); *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1125 (9th Cir. 2006); *McKinney v. Waterman S.S. Corp.*, 925 F.2d 1, 2-3 (1st Cir. 1991); *Burke v. Gateway Clipper, Inc.*, 441 F.2d 946, 949 (3d Cir. 1971), *Riddick v. Baltimore Steam Packet Co.*, 374 F.2d 870, 871 (4th Cir. 1967), *Upper Mississippi Towing Corp. v. West*, 338 F.2d 823, 824 (8th Cir. 1964); *Reed v. American S.S. Co.*, 682 F. Supp. 333, 336-38 (E.D. Mich. 1988).  As previously noted, however, the question of timeliness of an action for maintenance and cure is still an open one in this circuit.

We have, of course, applied the doctrine of laches in other settings to preclude claims of various sorts.  *See, e.g.*, *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397 (6th Cir. 2002) (applying the doctrine of laches in the trademark context).  In *Nartron*, we said:

> Laches is the "negligent and unintentional failure to protect one's rights." *Elvis Presley Enter., Inc. v. Elvisly Yours, Inc*., 936 F.2d 889, 894 (6th Cir. 1991). A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it. *See Induct-O-Matic-Corp. v. Inductotherm Corp.*, 747 F.2d 358, 367 (6th Cir. 1984). In this Circuit, there is a strong presumption that a plaintiff's delay in asserting its rights is reasonable as long as an analogous state statute of limitations has not elapsed. *Elvisly Yours*, 936 F.2d at 894. In evaluating whether a party has been diligent

---

**1**Also included in this "unique package" is the shipowner's obligation to "pay a stricken seaman's unearned wages 'at least as long as the voyage is continued.'" *Blainey*, 990 F.2d at 887 (quoting *The Osceola*, 189 U.S. 158, 175 (1903)).  That specific obligation is not at issue in this case.

in protecting its trademark, we look to the state-law statute of limitations for injury to personal property. *Id.* Here, under Michigan law, that period is three years. *See* M.C.L.A. § 600.5805(8); *Elvisly Yours*, 936 F.2d at 894. In other words, a delay beyond the three-year statutory period is presumptively prejudicial and unreasonable.

*Id.* at 408. The burden then shifts to the plaintiff to prove excusable delay and lack of prejudice to the defendant. *See Stevens v. Tennessee Valley Authority*, 712 F.2d 1047, 1056 (6th Cir. 1983) ("[L]aches is rebuttably presumed if suit is commenced after the time period specified in the most nearly analogous state or federal statute of limitations, thus shifting the burden to the plaintiff of proving excusable delay and the absence of prejudice to the defendant by the passage of time.") (citation omitted); *see also Ford Motor Co. v. Catalanotte*, 342 F.3d 543, 550 (6th Cir. 2003) (refusing to apply the doctrine of laches to bar an action filed outside the analogous statute of limitations when the plaintiff did not lack diligence in asserting its rights and defendant did not show that he was prejudiced by the delay).

Many of the courts considering the timeliness of maintenance and cure claims have used the three-year statute of limitations found in the Jones Act as the analogous statute of limitations period. *See, e.g.*, *Jones*, 262 Fed. Appx. at 648; *McKinney*, 925 F.2d at 3. This analysis is particularly apt when the maintenance-and-cure claim arises out of the same personal injury underlying a plaintiff's negligence and unseaworthiness claims. In addition, invoking the same three-year statute of limitations promotes the congressional policy of establishing uniformity with maritime torts. *See McKinney*, 925 F.2d at 3. By contrast, a few courts have invoked the statute of limitations for a contract claim as the analogous period for maintenance-and-cure claims for unearned wages. *See, e.g.*, *Reed*, 682 F. Supp. at 338. But even though the duty of maintenance and cure arises without regard to fault, we conclude that Cunningham's claim is more similar to a maritime tort action than to a contractual dispute, and we therefore adopt the three-year statute of limitations for federal maritime torts as the appropriate benchmark for his maintenance and cure claim.

Because more than three years passed between Cunningham's injury and his filing in federal court, he could not take advantage of the presumption of reasonableness

of the timeliness of his filing. Therefore, Cunningham had the burden of proving that he was diligent and that Interlake was not prejudiced by his delay. Cunningham had demonstrated diligence by filing his suit in state court within three years of the date of his injury. Cunningham actively pursued his case in state court before voluntarily dismissing the case four years later. Cunningham did not immediately refile in federal court, instead waiting for nearly a year, under the mistaken belief that the Ohio savings statute would operate to toll the statute of limitations. While Cunningham's erroneous belief regarding the applicability of the Ohio savings statute may suggest a lack of diligence, we cannot say that Interlake was prejudiced by this additional year-long delay. Interlake was on notice within three years of the date of Cunningham's injury that he intended to pursue a claim for maintenance and cure. In addition, Interlake was aware that Cunningham intended to refile his claim in federal court. As a result, the district court did not abuse its discretion in finding that Interlake was not prejudiced by Cunningham's delay in filing and, therefore, in refusing to apply laches to bar Cunningham's maintenance and cure claims. *See Chirco v. Crosswinds Communities, Inc.*, 474 F.3d 227, 231 (6th Cir. 2007) (noting that an appellate court reviews *de novo* the question of whether the laches doctrine applies and a district court's "resolution of a laches question for an abuse of discretion") (citation omitted).

Our next step, then, is to determine Interlake's liability for maintenance and cure, based on its obligation to cover the cost of Cunningham's medical care until he reached the point of maximum medical recovery. *See Blainey*, 990 F.2d at 887. Cunningham contended that, despite his doctor's testimony that he reached maximum medical recovery in July 2003, Interlake was obligated to reimburse Cunningham for the cost of his 2002 back surgery and for additional treatments he received in 2004 and 2005. But, as the defendant established below, because Cunningham's back surgery was performed at a Veterans Administration hospital at no cost to him, Interlake was not liable to Cunningham for the cost of the surgery. *See Johnson v. United States*, 333 U.S. 46, 50 (1948). And, although Cunningham alleged that the health problems he experienced in 2004 and 2005 were the result of his 1998 back injury, the district court correctly determined that he offered insufficient probative evidence to raise a genuine issue of

material fact concerning the causal connection between his back injury and his later medical problems. Thus, there was no error in the district court's order granting summary judgment to the defendant on the claim for maintenance and cure.

For the reasons set out above, we conclude that the district court did not err in ruling that Cunningham's claims of negligence and unseaworthiness were barred by the statute of limitations and that his claim for recovery of maintenance and cure could not withstand Interlake's motion for summary judgement.  We therefore AFFIRM the judgment of the district court.