NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0166n.06

Case No. 15-1931

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 23, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DARRYLE SPENCER, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| GRAND RIVER NAVIGATION COMPANY, | ) | |
| INC., | ) | OPINION |
| | ) | |
|     Defendant-Appellee. | ) | |

BEFORE: KEITH, McKEAGUE and KETHLEDGE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Plaintiff Darryle Spencer was employed for several years by defendant Grand River Navigation Company, Inc. ("Grand River") as a merchant mariner. He served as a conveyor man on Grand River's vessel, the *Calumet*, which sailed on the Great Lakes. This action stems from injury he allegedly sustained during this service. Plaintiff alleges he was exposed to excessive coal dust, aggravating asthma and chronic obstructive pulmonary disease (COPD). Plaintiff sued Grand River under the Jones Act for negligence and unseaworthiness and, under general maritime law, for "maintenance and cure." The district court dismissed plaintiff's claims as time-barred. On appeal, plaintiff contends the district court erred in its application of equitable estoppel and the doctrine of laches. For the reasons that follow, we affirm in part and reverse in part.

**I**

On review of the district court's dismissal under Fed. R. Civ. P. 12(b)(6), we, like the district court, accept as true the factual allegations of plaintiff's complaint. The following facts are drawn from plaintiff's complaint, as augmented by his own affidavit and accompanying exhibits, the contents of which are central to plaintiff's claims and not materially disputed by Grand River.

Plaintiff Darryle Spencer was employed by Grand River for several years as a conveyor man and served as a member of the crew of the *Calumet*, a freighter sailing on the Great Lakes. The *Calumet* is owned and operated by Grand River. Spencer alleges he was exposed to excessive amounts of coal dust and other hazardous substances while unloading the vessel in a poorly ventilated cargo tunnel. On July 26, 2011, he sent a letter to Grand River advising that he had been hospitalized for breathing problems and had been diagnosed with advanced COPD. The letter further advised that Spencer, on his doctor's recommendation, was resigning his position as a merchant mariner, effective immediately. Within two weeks, Spencer had requested and received early distribution of his IRA (individual retirement account) balance by lump sum payment.

In February 2012, Spencer received an invitation from Grand River to return to work as a crew member during the 2012 season. As a prerequisite, he was required to obtain a physical examination and return the completed Coast Guard medical evaluation form in time for vessel assignments in early March. Spencer obtained the physical examination and returned the completed form, dated February 22, to Grand River. Signed by Blake M. Slater, D.O., the form certified that Spencer was "competent" to perform merchant mariner duties. Dr. Slater disclosed

that Spencer suffered from asthma and COPD, but considered the conditions "controlled" by use of inhalers and medications, i.e., "Spiriva, Bonvana, [and] Alberto/NS nebulizer," which Spencer was instructed to keep on board. R. 11-1, Med. Eval. Rept., Page ID 76–84. Spencer explained that Dr. Slater told him "it was 'my decision' whether to return to work with Grand River Navigation Company, on the condition that I would be able to take all of my prescribed medications and therapies while at work." R. 11-1, Spencer Affidavit ¶ 10, Page ID 63.

Spencer thereafter returned to work for Grand River as a conveyor man during the 2012, 2013, and 2014 sailing seasons. He was exposed to coal dust during this time, but he was able to take all prescribed medications and therapies. In early 2015, however, Spencer was advised not to return to work, even if he were able to take all prescribed medications and therapies, and he has abided by this advice.

Spencer commenced this action in the Eastern District of Michigan in April 2015. He alleges that exposure to coal dust aggravated his pre-existing asthma and COPD condition. In Count I of the complaint, he alleges under the Jones Act that he suffered permanent injury as a seaman due to Grand River's negligence in failing to provide a reasonably safe work place. Count II is a second claim under the Jones Act, alleging Grand River breached its express and implied warranty that the *Calumet* was reasonably seaworthy. In Count III, Spencer alleges Grand River has breached its duty to provide "maintenance and cure" necessitated by his injury. Finally, in Count IV, Spencer alleges that Grand River is equitably estopped from asserting a statute of limitations defense because Grand River misled him to believe that he could safely return to work after he was diagnosed with COPD in July 2011.

Grand River moved the district court to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) as time-barred. The district court received briefing and granted the motion without a

hearing on July 8, 2015.  The court essentially held that all three claims are time-barred because the complaint was filed more than three years after Spencer discovered the alleged injury. Equitable estoppel was deemed not applicable because Spencer failed to allege facts plausibly showing that Grand River had misrepresented or concealed facts surrounding the dangers associated with his return to work.  The court denied Spencer's motion for reconsideration, holding that his maintenance-and-cure claim, too, accrued at the time he discovered his injury and its work-relatedness in July 2011, not when his condition became incapacitating sometime after the 2014 sailing season.

## II

The district court's dismissal of the complaint for failure to state a valid claim is reviewed de novo.  *Frank v. Dana Corp.*, 646 F.3d 954, 958 (6th Cir. 2011).  The complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in his favor.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  However, "a legal conclusion couched as a factual allegation" need not be accepted as true.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's obligation to provide the "grounds" for his claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  The factual allegations must "raise a right to relief above the speculative level."  *Id.*  The complaint must state a claim that is plausible on its face, i.e., the court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d

1102, 1104 (6th Cir. 2010). If a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Fed. R. Civ. P. 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion. *Id.* However, a court may consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett*, 528 F.3d at 430.

Here, Spencer's affidavit and attached exhibits are technically outside the pleadings but are central to his claims. Grand River did not move to strike the supplementary documents or otherwise object to their inclusion and consideration in relation to its motion to dismiss. Nor has Grand River denied that Spencer worked as a conveyor man aboard the *Calumet* through the 2014 season. Further, the district court did not reject the supplementary documents as outside the pleadings but considered them in making its rulings. We are satisfied that they are properly considered part of the pleadings for purposes of testing under Rule 12(b)(6) and do not necessitate treatment of the motion as one for summary judgment under Rule 56.[1]

## III

Spencer's Count I and II claims under the Jones Act are undisputedly subject to a three-year statute of limitations. *See* 46 U.S.C. § 30106; *Cunningham v. Interlake S.S. Co.*, 567 F.3d 758, 760 (6th Cir. 2009). Nor does Spencer contest the district court's holding that his Jones Act claims accrued in July 2011, when he was on notice of his respiratory condition and that it was

---

[1]It would have been preferable for Spencer to have moved, in response to the motion to dismiss, for leave to amend his complaint, with the affidavit and other exhibits attached to his motion. By attaching the supplementary documents to his brief in opposition to the motion to dismiss, he took a procedural shortcut. Yet, since neither Grand River nor the district court objected, we also accept the supplementary documents as a legitimate part of the pleadings.

aggravated by his work conditions. The claims, asserted first in April 2015, are therefore time-barred unless Spencer is entitled to equitable estoppel.[2]

The district court correctly recognized that, to invoke equitable estoppel, Spencer bears the burden of alleging particular facts supporting a finding that Grand River took affirmative steps to prevent him from suing on time, such as hiding evidence or promising not to plead the statute of limitations. We find no error in the district court's rejection of Spencer's argument that Grand River's inviting him to return to work despite knowledge of his condition satisfied this burden.

Spencer's own complaint and affidavit demonstrate unequivocally that he was aware: of the complained-of injury and its work-relatedness in July 2011; that he had been advised to cease working as a merchant mariner in July 2011; that his physician deemed him competent to perform the duties of the work in February 2012, provided his respiratory condition was controlled by appropriate use medications and therapies; and that whether to return to work was, in the words of his doctor's counsel, "my decision."

There is no allegation that Grand River engaged in any fraudulent concealment or made any material misrepresentation on which Spencer detrimentally relied. Instead, Spencer's own version of the facts suggests that Grand River did nothing more than offer him employment in reliance on the certification that he was fit for work and the assumption that Spencer, familiar with the working conditions, would take the indicated measures to control his respiratory

---

[2]Spencer acknowledges that under current law, the timeliness of his Jones Act claims is determined under the discovery rule. His claims are deemed to have accrued when he became aware or should have become aware of his injury, i.e., that his pulmonary condition was caused or aggravated by the conditions of his work. Yet, he invites us to revisit the established law and consider adopting a "continuing tort" approach, such that the running of the period of limitation would be deemed tolled as long as the defendant's tortious conduct continued. Suffice it to say we are not persuaded that the facts of this case warrant a change or re-evaluation of established maritime law.

condition. The district court correctly concluded that these facts do not make out a plausible claim of entitlement to equitable estoppel. That Spencer's decision to return to work despite the health risk was influenced in part by economic duress—due to the lack of viable employment options in Michigan's upper peninsula—is not a circumstance that can be imputed to Grand River in such a way as to excuse Spencer's failure to timely pursue his remedies. Accordingly, the Jones Act claims set forth in Counts I and II were properly dismissed.

**IV**

Spencer's Count III claim for maintenance and cure is not subject to the three-year statute of limitations prescribed in the Jones Act. *Cunningham*, 567 F.3d at 761. However, we have adopted the three-year period as "the appropriate benchmark" in assessing the timeliness of a maintenance-and-cure claim arising out of the same personal injury underlying a plaintiff's negligence and seaworthiness claims. *Id.* at 762. Where, as here, the defendant asserts the defense of laches, the benchmark gives rise to certain presumptions and burdens. A claim asserted within the three-year period is presumptively reasonable and timely; the defendant asserting laches has the burden of rebutting the presumption by showing (1) negligence or lack of diligence in pursuing the claim, and (2) that the delay resulted in prejudice to the defendant. *Id.* at 761–62. A claim asserted beyond the three-year period is presumptively unreasonable; the plaintiff has the burden of proving the delay was excusable and did not result in unfair prejudice to the defendant. *Id.*

Grand River contends Spencer's maintenance-and-cure claim accrued in July 2011 when he knew of the pulmonary condition he now contends is disabling. Spencer's delay in seeking maintenance and cure until April 2015 is thus said to be presumptively unreasonable and Spencer is said to have failed to rebut the presumption. The district court agreed. Spencer moved for

reconsideration, arguing that his maintenance-and-cure claim could not have accrued until he ceased working, at the end of the 2014 sailing season, and that his claim was filed well within three years after that date. The district court denied relief, citing several cases for the proposition that a maintenance-and-cure claim accrues when the injury occurs or when it is discovered.

Maintenance and cure is a centuries old remedy under the general maritime law. *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979). "Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962).

> Maintenance is a *per diem* allowance, paid so long as the seaman is outside the hospital and has not reached the point of "maximum cure." Cure involves the payment of therapeutic, medical and hospital expenses not otherwise furnished to the seaman, again, until the point of "maximum cure."

*Cooper v. Diamond M Co.*, 799 F.2d 176, 179 (5th Cir. 1986) (quoting *Pelotto*, 604 F.2d at 400.) The shipowner's liability for maintenance and cure is to be liberally construed and ambiguities resolved in favor of the seaman. *Vaughan*, 369 U.S. at 531–32.

On appeal, Spencer correctly contends his claim for maintenance and cure is analogous to the one addressed by the Fifth Circuit in *Cooper*. In *Cooper*, the district court had dismissed the claim as time-barred, holding that it accrued when the plaintiff first sustained injury, i.e., when Cooper slipped and fell on April 4, 1979. The Fifth Circuit reversed, noting that because Cooper continued working until April 27, 1983, albeit in pain, her maintenance-and-cure claim did not accrue until she became "incapacitated to do a seaman's work." *Cooper*, 799 F.2d 179 (quoting *Vaughan*, 369 U.S. at 531). The court rejected the notion that Cooper was obliged to pursue maintenance and cure before she became incapacitated. *Id.* In reliance on *Cooper*, Spencer contends his maintenance-and-cure claim did not accrue until after he left the *Calumet* at the end

of the 2014 season, when he learned that exposure to coal dust had so aggravated his respiratory condition that he could not return to work in early 2015.

Even assuming the soundness of *Cooper*'s analysis, Grand River insists Spencer's maintenance-and-cure claim was properly dismissed because the record is devoid of allegation that his COPD rendered him "incapacitated to do a seaman's work." To be sure, Spencer's complaint is no model of clarity. As augmented by his affidavit and exhibits, however, the complaint alleges that Spencer continued working for Grand River as a conveyor man aboard the *Calumet* through the 2014 season before his work-related exposure to coal dust rendered him unable to return to work in that capacity. Viewing the complaint, affidavit, and attached exhibits in the light most favorable to Spencer and giving him the benefit of reasonable inferences, we conclude he adequately alleged that his respiratory condition was so aggravated by exposure to coal dust aboard the *Calumet* as to render him unfit to continue working as a seaman in late 2014 or early 2015. The allegation that he continued working as a seaman until then negates the notion that he became incapacitated to perform seaman's work before then.

Under the analysis employed in *Cooper*, which appears to be sound and sensible, Spencer's claim for maintenance and cure did not accrue before the end of the 2014 sailing season. It follows, per *Cooper*, that Spencer's maintenance-and-cure claim, filed in April 2015, was filed well within the three-year benchmark period and would be deemed presumptively timely. Grand River would thus have the burden of showing that Spencer's meager delay in filing was unreasonable and resulted in unfair prejudice, a showing Grand River clearly has not made.

But Grand River argues that *Cooper* is neither controlling nor persuasive. Indeed, *Cooper* was not cited by either party below and the district court did not mention *Cooper* in

either its order of dismissal or order denying reconsideration. Instead, the court relied on other cases for the proposition that the claim accrued when the injury was discovered.

The court first cited *Jones v. Tidewater Marine, LLC*, 262 F. App'x 646 (5th Cir. 2008). *Jones* involved a maintenance-and-cure claim brought twenty-six years after the plaintiff ceased working on the defendant's ship and is clearly inapposite. In *Jones*, the date of injury coincided with the date of incapacitation and dismissal was based on the determination that the plaintiff's mental illness did not justify equitable tolling of the limitations period. *Jones* does not purport to overrule or depart from *Cooper*, but rather cites it with approval.

The district court also relied on *Crisman v. Odeco, Inc.*, 932 F.2d 413 (5th Cir. 1991). *Crisman* did not involve a maintenance-and-cure claim and says nothing inconsistent with *Cooper*. The district court's reliance on *Davila v. Erickson & Jensen Seafood Packers*, 2012 WL 4514666 (S.D. Tex. Sept. 11, 2012), was similarly misplaced. *Davila* is a magistrate judge's report and recommendation evaluating the facial validity of a *pro se* maintenance-and-cure claim under 28 U.S.C. § 1915(e)(2)(B) and finding the claim to be nonfrivolous. The report and recommendation does include language to the effect that a maintenance-and-cure claim accrues either at the time of injury or at the time of discovery, but the statement is of little consequence. The plaintiff's injury and incapacitation coincided, and the claim was timely asserted under any construction. *Davila* does not purport to disagree with *Cooper* or its rationale in any way.

Finally, *Powell v. Global Marine, LLC*, 671 F.Supp.2d 830 (E.D. La. 2009), is also inapposite. Powell's maintenance-and-cure claim accrued on the date he was injured, because that's when he was incapacitated from doing the work of a seaman. His claim was dismissed based on laches because he filed it almost four years later without showing that the delay was excusable or that the defendant was not prejudiced. *Id.* at 839.

In short, neither the district court nor Grand River has presented persuasive grounds to depart from the rule and rationale of *Cooper*, which we find to be sound and consonant with our duty to construe the remedy liberally in favor of the seaman. Applying the teaching of *Cooper* and viewing Spencer's claim in the light most favorable to him, we hold that his maintenance-and-cure claim is properly deemed to have accrued when he became incapacitated to do a seaman's work. Inasmuch as Spencer undisputedly continued working as a seaman through the 2014 season and allegedly became incapacitated in early 2015, the filing of his claim in April 2015 was presumptively timely. Grand River has not rebutted the presumption by showing that the "delay" was not excusable and resulted in unfair prejudice. It follows that Spencer has stated a maintenance-and-cure claim that is plausible on its face. The district court's dismissal of the claim under Rule 12(b)(6) based on laches was in error.[3]

## V

Accordingly, the district court's order of dismissal is **AFFIRMED in part** and **REVERSED in part**. The dismissal of Spencer's Jones Act claims based on negligence and unseaworthiness theories is **AFFIRMED.** The dismissal of Spencer's maintenance-and-cure claim is **REVERSED** and the claim is **REMANDED** to the district court for further proceedings.

---

[3]The applicability of Grand River's laches defense to Spencer's maintenance-and-cure claim is the only issue before us. We express no opinion about the validity of the claim as against other challenges, much less the merits of the claim or potential remedies.